## STATE ex rel. AWTREY v. RANDOLPH et al.

No. 19260. Opinion Filed Sept. 17, 1929.

Rehearing Denied Nov. 12, 1929.

Sullivan & Rice and Anderson & Anderson, for plaintiff in error.

Bridges & Ivy, for defendants in error.

HERR, C. This is an action originally brought in the district court of Jefferson county by H. G. Awtrey, in the name of the state, against T. C. Randolph, A. E. Sarratt, and C. A. Faulkner, as members of the school board of school district No. 15, Jefferson county, and J. G. Ryan, to recover double the amount of certain alleged illegal claims allowed and paid by defendants, members of the school board, to defendant Ryan. The school district was made a party defendant as provided by statute.

Plaintiff is a resident and taxpayer of said district and brings this action under sections 10383 and 10384, C. O. S. 1921. It is conceded that the conditions of these sections were complied with, and that plaintiff may legally prosecute this action.

Five causes of action are pleaded by plaintiff in his petition based on five different claims allowed and paid by defendants, members of the school board, to defendant Ryan. The trial was to a jury resulting in a verdict in favor of defendants. Plaintiff appeals.

It is contended by plaintiff that each and all of the claims complained of and allowed and paid by the school board were illegal, and that the court erred in refusing to so charge the jury, at his request, and erred in denying his motion for a directed verdict.

It appears from the evidence that defendant Ryan was a teacher in said school at the time the claims complained of were allowed and paid. It further appears that most of these claims consisted of debts contracted against the district by defendant Ryan on behalf of the 4 H Club, and that warrants were issued and delivered to him in payment thereof.

The first cause of action is based on claim designated as No. 63, contracted by defendant Ryan, and consists of groceries purchased by said defendant in the sum of $42.12 and used at a picnic given in behalf of the 4 H Club. This claim is clearly illegal and the court should so have advised the jury.

The second cause of action is based on claim No. 71, in the sum of $62.50, $32.25 of which was for the purchase of pictures to be used for the benefit of the school, and $4.35 of which was for screen doors to be used in and about the school building; the balance of this claim consisted of traveling expenses and board contracted on behalf of the 4 H Club in going to Waurika to engage in a contest with another club at that place. We are of the opinion that the items of $32.25 and $4.35 for pictures and screen doors, respectively, are legal and constitute a valid charge against the district. The other items of this claim, however, in our opinion, are clearly illegal and plaintiff is entitled to recover on them.

The third and fifth causes of action are based on claims Nos. 74 and 83, respectively, aggregate the sum of $106.75, and consist of traveling and other expenses incurred on behalf of the 4 H Club. These claims are also illegal and the court erred in refusing, at plaintiff's request to so charge the jury.

In his fourth cause of action plaintiff complains of the purchase of certain library books in the amount of $289. These books were contracted for by defendant Ryan and a claim therefor was by him presented to the school board and a warrant issued by said board to him in payment thereof.

It is urged that this claim is illegal because the same was in excess of the estimate made for this purpose. The estimate approved for the district by the excise board for the purchase of library books was $100. It is clear that the school board was unauthorized to pay a claim for this purpose in excess of this estimate. Under section 8638, C. O. S. 1921, all contracts made for the purchase of library books in excess of the estimate were void and created no legal liability against the district. See, also, Shannon et al. v. State, 33 Okla. 293, 125 Pac. 1106; Lacy et al. v. Board of Education, 98 Okla. 237, 224 Pac. 712; Gentis et al. v. Hunt, Trustee, et al., 121 Okla. 71, 247 Pac. 358; Flood v. Town of Shidler, 127 Okla. 148, 260 Pac. 52.

All claims complained of in plaintiff's various causes of action, except the items herein indicated, were illegal, and the school board had no authority to allow and pay the same, and, under the law, defendants, members of the school board, and J. G. Ryan, are jointly liable for double the amount so paid.

Judgment should be reversed, and the

cause remanded, with directions to enter judgment in favor of plaintiff, and against defendants Randolph, Sarratt, Faulkner, and Ryan in accordance with the views herein expressed and as provided by section 10384, C. O. S. 1921.

BENNETT, JEFFREY, HALL, and DIF-FENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Schools and School Districts," 35 Cyc. p. 908, n. 70.