## STATE ex rel. WOOD et al. v. KIMBRELL et al.

No. 20727. Opinion Filed Oct. 13, 1931.

LESTER, C. J. This is an action on rela-

Sigler & Jackson, for plaintiffs in error.

Earl A. Brown and Stephen A. George, for defendants in error.

tion of the state and certain taxpayers of Zanies consolidated school district No. 72, of Carter county, Okla., on an alleged fraudulent contract that was afterwards converted into a judgment by the parties connected with said contract and said judgment forthwith paid out of the sinking fund of said school district. It was also alleged that said judgment was fraudulent and void on its face. The statute relied upon by the plaintiffs is section 8590, C. O. S. 1921, which reads as follows:

"Every officer of any county, township, city, town, or school district, who shall order or direct the payment of any money or transfer of any property belonging to such county, township, city, town or school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made for any such county, township, city, town or school district by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county, township, city, town or school district affected, for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of such county, township, city, town, or school district, or of any resident taxpayer thereof, as hereinafter provided."

The plaintiffs' petition in part alleged:

"That all the plaintiffs are residents and taxpayers in Zanies consolidated school district No. 72 of Carter county, Okla., that the defendants Kimbrell, Williams, and Griffin constitute the school board of said Zanies consolidated school district No. 72 in Carter county, Okla.

"2. These plaintiffs say that sometime prior to August 22, 1928, the exact date of which is unknown to the plaintiffs, that said parties above named as the school board of Zanies consolidated school district No. 72, entered into a contract with W. S. Spears Motor Company, whereby said defendants

240

purchased from said motor company, 'Graham Bros. Trucks,' paying therefor, and out of the funds of the said school district, the sum of $16,124. And the plaintiffs say that said contract and purchase was illegal and void for the reason that at the time of said purchase there was no money appropriated by the excise board of Carter county, Okla., for the purchase of said trucks, and that no funds had been appropriated for the payment of said trucks, and that there was no funds in the treasury of the school district out of which said trucks could be legally paid for, and that said school board acted illegally and unlawfully in paying out the funds of said school district, and that the said defendant W. S. Spears Motor Company well knew that at the time said contracts were made that there was no funds in the treasury of said school district with which to pay for said trucks, and well knew said transaction was unlawful and illegal, and said school board was entering into an illegal transaction in unlawfully and illegally paying out the money of said school district.

"3. These plaintiffs further show to the court that on the 27th day of August, 1928, that said W. S. Spears Motor Company filed in the district court of Carter county, a certain suit against said Zanies consolidated school district No. 72, for the sum of $16,756.25. That although said summons was not returned until the 6th day of August, and the Zanies consolidated school district was not required to answer until the 27th day of September, 1928, that on the 29th day of August, the same day said case was filed, said defendants herein, as the trustees of said district, appeared in court and filed an answer in which they plead a general denial and did not plead the illegality or the unlawfulness of said contract. And these plaintiffs say that there was a collusion between the plaintiff and defendants in said case, and that by said collusion the plaintiffs therein were enabled, on the 29th day of August, 1928, to recover a judgment against said district for said sum of $16,124, which said judgment was paid by said district, and that at the time said judgment was recovered that said district was not indebted to the plaintiff and could not have been indebted to the plaintiff, and that if the school trustees aforesaid had made an honest defense to said case that the court would have denied a judgment therein, but that said school trustees through their collusion with the said W. S. Spears Motor Company committed a fraud upon the court and a fraud upon the plaintiffs herein, and that they acted wrongfully and fraudulently in failing to make a defense in said case. That said district was not indebted to and could not have been indebted to the said W. S. Spears Motor Company in any sum, and that said defendants herein, all of them, were acting wrongfully and unlawfully and illegally in taking from the treasury of said school district said money, and that by reason of said unlawful and illegal transaction aforesaid, and the illegal taking of said money from said school district, the plaintiffs are entitled to recovery of and from said defendants herein, and the defendants are liable to the plaintiffs for the sum of $32,248 to be paid and applied as provided by the laws of the state of Oklahoma.

"The plaintiffs further say that on the ____ day of October, 1928, they duly served on each of said school directors a notice, a copy of which is attached to this petition, requiring said trustees to institute a suit to recover said money, which said trustees have failed and refused to do."

Plaintiffs filed an amended petition the purport of which was to make W. S. Spears Motor Company an additional party defendant. (C.-M. 64.)

Separate answers were filed by each of the defendants, which answers denied generally the allegations of the plaintiffs' petition and also pleaded that a judgment had been rendered by the district court of Carter county, which judgment constituted res judicata of all the matters contained in said action. W. S. Spears Motor Company filed a cross-petition in which they ask for the return of the property sold to the school district if the plaintiffs' cause of action should prevail.

Trial was had to the court and jury, and after the evidence of the plaintiffs was finished, the defendants thereupon introduced one witness. Thereafter a demurrer was filed to the evidence of the plaintiffs and the court rendered judgment in favor of said defendants on said demurrer. It appears that the court in rendering a judgment on demurrer to the plaintiffs' evidence based its findings on the former judgment rendered in the suit brought by the said Spears Motor Company. Trial court in sustaining the demurrer to plaintiffs' evidence said, in effect:

"Gentlemen, I am of the opinion that should I take the position now and go into this matter as you insist that I do and try this case further, that I would be sitting more as a court of review, reviewing the judgment of the district court, and I don't think I have that power, and at this time I must hold, gentlemen, that this is not a void judgment, and since it is not a void judgment, that you are not permitted to attack it in this matter, and upon that theory and that theory alone I will sustain your demurrer."

It appears that after judgment was obtained in the district court for recovery up-

on the property sold by the Spears Motor Company, said judgment was sold to the treasurer of the Zanies consolidated school district No. 72, payment made therefor out of the money then to the credit of the sinking fund of the said school district. In the following year a levy was attempted to collect one-third of the said judgment, which levy was contested by the Carter Oil Company under the theory that said judgment was illegal and void. This contest was heard by the Court of Tax Review and that court held that said judgment was void, and thereafter an appeal was taken to this court from the holdings of the Court of Tax Review. This court affirmed the decision of the Tax Review Court in an opinion which is to be found in 148 Okla. 1, 296 P. 485, and owing to the fact that the transaction that entered into the obtaining of that judgment constitutes in a large measure the final issues in the case at bar, we, therefore, quote somewhat at length from that opinion, supra:

"Zanies consolidated school district No. 72, Carter county, a consolidated school district, included in its estimate for the fiscal year commencing July 1, 1928, the sum of $15,560.00 for 'Replacement of, or new vehicles' for transportation of pupils.

"On the 28th day of August, 1928, the county excise board made the appropriations for the school district and fixed the rate of levy for the school district. No appropriation was made for the item of 'replacement of, or new vehicles' for the reason that 'their valuation was not sufficient.' The record shows that the valuation of the school district was not sufficient to produce an amount within the 15 mills authorized rate of levy to provide appropriations for all of the estimated needs of the school district and that among the estimates for which no appropriations were made was the one in question here. The order of the county excise board became final, the rate of levy was certified to the county assessor, and the appropriations were certified to the school district. On the 29th day of August, 1928, a judgment was rendered by the district court of Carter county against the school district for $16,124, in favor of the W. S. Spears Motor Company for the school busses in question.

"That judgment was listed by the school district in its estimate for the fiscal year commencing July 1, 1929, and the excise board of Carter county included one-third thereof and the interest on the entire amount in the appropriation for sinking fund purposes for the school district for that fiscal year and fixed the rate for sinking fund purposes on that calculation. The Carter Oil Company filed its protest before the Court of Tax Review and, after full and complete hearing, that court rendered judgment sustaining the protest and directing the elimination of that judgment from the levy for sinking fund purposes for said school district for said fiscal year and the correction of the appropriation accordingly. From that judgment the excise board of Carter county has appealed to this court. * * *

"The record before this court discloses that the petition on which the judgment was rendered by the district court of Carter county was verified by the vice president of the motor company on the 23rd day of August, 1928. The date of the filing of the petition in the district court was not shown by the record. Summons was issued, dated the 27th day of August, 1928, and was served on the director, clerk, and member of the school district on August 27, 1928. On August 29, 1928, Stephen A. George, as 'attorney for defendant', filed an answer in the cause in that court, and on the 29th day of August, 1928, judgment was rendered.

"It was alleged in the petition that on the 22nd day of August, 1928, the school district purchased from the motor company eight school busses for which it agreed to pay $17,025 less a credit of $900 for old busses owned by the school district and taken in exchange; that the busses had been delivered to the school district; that the motor company had filed a sworn claim with the clerk of the school district for the sum of $16,124; that the school district had failed and refused to pay the claim; 'that said claim has been disallowed for reasons unknown to this plaintiff'. * * *

"We pause here long enough to remark that, if those busses were purchased on the 22nd day of August, 1928, procured from Evansville, Ind., as testified to by the witnesses, built especially for the school district at the instance and request of the school district and delivered to the school district and in the possession of the school district on the 23rd day of August, 1928, there was some fast work done. The testimony at the trial from the witnesses for the motor company (no one testified for the school district) is that the busses were made up on special order and that they were especially built for this school district. An officer of the motor company testified, 'They have been made up by special order for this district and have already been lettered.' There is no escape from the conclusion that if those busses had been in fact delivered to this school district at the time of the verification of the petition on the 23rd day of August, 1928, they must have been ordered before the 22nd day of August, 1928. No witness testified as to when they were ordered by the school district, but the itemized statement attached to the petition shows August 22, 1928, as the date of sale.

"The answer of the school district was a general denial. * * *

"The petition did not state a cause of action and the answer and petition, when construed together, come squarely within the rule announced by this court in Wood v. Phillips, Trustee, 95 Okla. 255, 219 P. 646, and followed by this court in Re Gypsy Oil Co., 141 Okla. 291, 285 P. 67, and Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15. The general denial filed by the school district denies only the allegations of the petition. There was no allegation in the petition that any appropriation had ever been made for the purpose of purchasing school busses. The school district officers knew that there was no such appropriation when they filed their answer on the 29th day of August, 1928, for the reason that their request for an appropriation had been denied by order of the excise board on the 28th day of August, 1928. Yet the school district did not plead a defense which, under the Constitution of Oklahoma, as construed by this court, constitutes a complete defense, but contented themselves by filing a general denial which did not raise an issue and which amounted to a confession of judgment. As we said in Re Gypsy Oil Company, supra:

" 'As shown by this record, the petitions did not state a cause of action. There was nothing in them to show that the claims sued on were legal, and if they were legal, there was nothing to show why warrants were not issued in payment thereof, and there was nothing to show that they were contracted within the appropriations made for the various fiscal years.'

"This court cannot give its approval and hold valid a judgment rendered on the 29th day of August, 1928, for busses purchased by a school district on the 22nd day of August, 1928, in the absence of proof that at the time of purchase there was an appropriation out of which the purchase could have been legally made, or that such an appropriation had been thereafter made, when there has been no allegation made in the petition of such an appropriation. The fact that a warrant was not issued in payment therefor was, in itself, sufficient to attract the attention of the trial court and to cause the trial court to follow the language of this court in Wood v. Phillips, Trustee, supra, as follows:

" 'When such a condition as is here presented by the record is brought before the trial courts of this state, it is their duty to see that the interests of the county are properly protected, either by a defense in good faith interposed by the officers of the law, or that taxpayers who intervene develop all the facts, and that no judgment be entered against a county as here, tainted with such connivance and legal fraud as is here apparent from the reading of the record in this case.'

"The evidence taken before the trial court clearly discloses that the trial court was a party to the legal fraud perpetrated upon the taxpayers of the school district. The trial judge interrogated the witnesses as to the details of the exchange of the trucks, the condition of the old trucks and the quality of the new ones. He inquired as to whether or not the people of the school district and the taxpayers knew of the deal, as to who purchased the old trucks from the motor company, and he heard the witness testify as follows:

" 'Q. Do you know why the estimate as submitted by the school district board, the item of $15,560 for replacement of, or new vehicles, for the purpose of purchasing these trucks were disallowed?

" 'A. Yes, sir.

" 'Q. Will you tell the court, please.

" 'A. Their valuation was not sufficient.'
* * *

"Two weeks prior to August 29, 1928, is August 11, 1928, which is 11 days prior to the date of the alleged purchase. This record shows and the trial judge should have known that on the date of the alleged purchase of these trucks the school district knew that it did not have an appropriation and would not have an appropriation for the payment of them. * * *

"The purpose of the school district officers is disclosed by a statement of the protestee in its brief, as follows:

" 'Therefore, the trustees, desiring to act in good faith with the Spears Motor Company, and not desiring to obtain its property without making compensation therefor, and further as a protection to themselves against personal liability, were agreeeable to an early adjudication of the matter. Consequently, they agreed to and did waive the time to plead and a full and complete hearing was had of the entire matter before the court, who held the transaction legal and entered judgment accordingly.' * * *

"School district officers may not, to protect themselves against personal liability, connive with claimants to establish an illegal liability against a school district, and courts may not enter into such an arrangement thereby transferring individual liability to municipalities.

"The protestee quotes from Faught v. City of Sapulpa, supra, as follows:

" '* * * A general denial on the part of the municipality puts in issue those allegations and presents an issue to be tried, but an instrument denominated 'answer' which asserts that the indebtedness sued on is valid and is unpaid for the reason that there are no funds with which to pay it does not put in issue those allegations.'

"The stars in that quotation represent the statement of this court as follows:

" 'In order to state a cause of action, the petition must allege that the indebtedness incurred was not in excess of the income and revenue provided for that purpose, or that it was authorized by a vote of the people.'

"The petition of the motor company contained no such allegation.

"The protestee in its brief says:

" 'Again, it is well settled in this jurisdiction that where necessary, pleadings will be treated as amended to conform to the proof, admitted without objection. No objection was made to any evidence, and all the facts were fully disclosed to the court. We submit, therefore, that no just complaint can be made as to the sufficiency of the answer.'

"There was no evidence by which the petition could have been considered as amended.

"We cannot understand the attitude of school district officers who, in the language of one of them, 'were asking for a judgment to pay for these trucks.' If this was a purchase of busses by these school district officers within the law, they could not have been in the slightest concerned with whether or not they were ever paid for until such time as a claim was filed with them requiring the allowance thereof and the issuance of a warrant in payment therefor. If this was a valid transaction, why did these officers disallow the claim? Why did they not allow the claim and issue a warrant in payment therefor in the regular course of business? Why were they anxious that a judgment be entered against the district that they represented?"

House Bill 27, being chapter 106, Session Laws 1925, if followed by our courts, would obviate in a large measure the rendition of judgments based upon unlawful claims against counties, cities, towns, and school districts and would prevent such an abuse as found in this case.

Section 2 of House Bill 27, supra, provides:

"Before final judgment in any suit based on contract shall be rendered against any municipality by any court of any county in the state of Oklahoma, except in proceedings to refund any indebtedness of such municipalities, proof shall be made to the court, of the existence, character and amount of the outstanding legal indebtedness of said municipality, which proof shall include a statement compiled by the various officers having custody of the records from which the information required in the statement is taken under oath, showing the following:

"1. An itemized statement of the bonded indebtedness of said municipality.

"2. An itemized statement of the legal indebtedness of said municipality, exclusive of the bonded indebtedness and the alleged indebtedness proposed to be converted into a judgment.

"3. An itemized statement of the indebtedness proposed to be converted into a judgment, so classified as to show, in separate exhibits, all items of questionable legality, if any, and the reasons of said officer or officers therefor:

"(a) The appropriations against which each warrant was drawn or claim accrued if in judgment, and if within the limits and purposes thereof as provided by law;

"(b) The income and revenue provided for the respective years, consisting of taxes levied and the actual collections of 'estimated income' the total warrants issued against the same or the accumulated accruals as the case may be, and the amount, if any, in excess of the total income and the revenue of the year;

"(c) The condition of each fund from which such indebtedness is payable as of the close of the month next preceding the filing of application."

This act is intended as a shield and a barrier against the rendition of judgments based upon illegal contracts and unwarranted claims and is a protection to the taxpayers. Too often high powered salesmen, combined with willing officials, quickly strike a contract of purchase without reference to a legal appropriation being made therefor. After these unlawful purchases are made, a very friendly suit is then instituted, all the parties agreeing to the rendition of a judgment, thus placing another unwarranted and illegal burden upon the taxpayers.

The people of this state by virtue of chapter 106, Session Laws 1925, supra, in no uncertain terms created a yardstick for the court to use in determining the legality of claims sought to be merged into a judgment.

This wholesome provision of the law was enacted in order that the reckless methods of imposing additional tax burdens upon the public should be arrested by the courts, and the evidence offered in support of such claims should be measured by the terms of said act. This act is wholesome and safeguards the public and taxpayers, and there is no excuse that may or can be offered by the courts of this state in failing to follow the directions therein given. However, the above protective measure has been supplemented by the people of this state in providing another safeguard.

244

Section 8590, C. O. S. 1921, provides a double penalty against those having notice of illegal and wrongful contracts with municipalities and receiving money from such illegal and unlawful transactions, and they are liable in damages in double the amount of all such sums of money so received and double the value of the property so transferred as a penalty. Where money or property is held by public officials in trust, it should be safeguarded by every precaution and all persons illegally receiving the benefits of any illegal transfer of money or property should be held to a strict accountability. It is only by the strict observance of these salutary statutes that the courts may prevent the plundering of public treasuries and safeguard the welfare of the taxpayers.

All parties to the unlawful transactions herein acted with the full knowledge of the fact that no appropriation had been made for the purchase of the busses, but, on the other hand, the excise board had rejected the item for such purpose. It appears that if said item had been allowed, it would have been in excess of the levy permitted under the Constitution of the state, and in the face of this knowledge the officers of the school district, as well as the Spears Motor Company, with reckless disregard of the Constitution and the statutes and the rights of the taxpayers, bargained with the school district officers for the delivery of the busses and created an unlawful claim of $16,124. Suit was filed immediately by the Spears Motor Company against the school district. No legal defense was interposed to the said suit, but, on the other hand, such legal defense seems to have been willfully avoided. The judgment therein allowed was illegal and void. Judgment was promptly paid out of the sinking fund of the school district. The sinking fund was evidently a trust fund created for the purpose of meeting other obligations owing by the district. In order to create a fund to pay off the judgment, one-third of the judgment was levied the ensuing year and placed upon the tax roll. The taxpayers resisted the levy. Their resistance was sustained by this court.

The whole course of the Spears Motor Company, W. S. Spears, and the school district officers shows a willful disregard of the salutary provisions of the statutes of this state relating to the expenditure of public money.

Taxpayers are compelled by the Constitution and the statutes of the state to yield to governmental agencies in the collection and legal distribution of tax money, and these governmental agencies must with strict fidelity protect the taxpayers from any obligation or claim not specifically authorized by law. Neither the courts nor public boards can waive the legal and substantive rights of municipalities so as to create additional and unauthorized tax burdens upon the public.

The evidence in the court below was sufficient to cause the court to submit to the jury, under proper instructions, the question of the defendants' liability.

This cause is reversed and remanded to the district court, with directions to proceed in said cause not inconsistent with the views herein expressed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.