STATE ex rel. GRIMES et al. v. BOARD OF EDUCATION, OKLAHOMA CITY, et al.

*99 P. 2d 876.*

No. 27340. Jan. 30, 1940.

Rehearing Denied Feb. 20, 1940.

Application for Leave to File Second Petition for Rehearing Denied March 12, 1940.

B. M. Parmenter, of Oklahoma City, and Harlan Grimes, of Taylor, Tex., for plaintiffs in error.

Hayes, Richardson, Shartel, Gilliland & Jordan, of Oklahoma City, for defendants in error Day Fezler et al.

Maurice M. Thomas, of Oklahoma City, for defendants in error National Surety Corporation and New Amsterdam Casualty Company.

Frank Wilkins, of Oklahoma City, for defendant in error Board of Education, of Oklahoma City.

GIBSON, J. This is a taxpayers' suit, commenced in the district court of Oklahoma county pursuant to sections 6831, 6832, O. S. 1931, 70 Okla. Stat. Ann. §§ 132, 133, against the members of the board of education of Oklahoma City, and others, to recover money allegedly paid out by said board in violation of law.

Separate demurrers of the different defendants were sustained on the ground, among others, that the petition failed to state a cause of action against any of the defendants. The plaintiff taxpayers have appealed.

According to the petition, the funds in question, aggregating $100,000, were derived from the sale of a ward school building and grounds known as Lowell School. Upon the receipt of the money the school board placed the same in a special account or fund designated as "building replacement fund," and expended the same during the fiscal year received for additions and improvements on other ward schools.

The petition further reveals that Lowell School was erected in 1909 with funds derived from a bond issue, and that in 1919 it was enlarged with funds received from a bond issue of that year. When the school was sold as aforesaid the school district was indebted in a sum in excess of the amount received at said sale. It is further made to appear that Lowell School was erected by funds received from the sale of bonds regularly voted and issued for the purpose of erecting and improving the school buildings of the district.

In substance and effect the plaintiffs' complaint is, first, that the $100,000 was misappropriated by the defendants in that the money was not used for the purposes for which it was originally borrowed, in violation of section 16, art. 10, of the Constitution; and, second, that said sum was expended by the board without an appropriation made therefor as required by section 26, art. 10, of the Constitution, and by subdivision (d) of section 12677, O. S. 1931, 68 Okla. Stat. Ann. § 289, and section 5955, O. S. 1931, 62 Okla. Stat. Ann. § 479.

Plaintiffs take the position that the money in question should have been accounted for in the budget of the school district; that it should have been placed in the sinking fund, to the extent of the needs thereof, to reimburse the taxpayers for the money originally borrowed to erect the school, the remainder, if any, placed in the general fund of the district and appropriated by the excise board in due form to the needs of the district for the year in which the money was received, or, if not so appropriated in the current fiscal year, to apply in like manner all, or the balance thereof unappropriated, to the succeeding fiscal year. Protest of Reid, 160 Okla. 3, 15 P. 2d 995.

The last-cited case deals with the question of the legal appropriation and disbursement of funds received from the sale of a municipal utility. The city had purchased or constructed the utility with funds derived from the sale of bonds issued pursuant to section 27, art. 10, of the Constitution. The proceeds remained unappropriated for any purpose at the end of the current fiscal year, and the court held that the sum in controversy constituted revenue on hand at the close of the year, and that under the provisions of section 12678, O. S. 1931 (amended 1933, 68 Okla. Stat. Ann. § 290), the excise board was required to deduct the same in determining the rates of levy for the city for the ensuing fiscal year (In re Bliss, 142 Okla. 1, 285 P. 73). The holding of the court in this respect is stated in the syllabus as follows:

"At the end of a fiscal year the balance on hand from the sale of a municipal public utility unappropriated for any legal purpose is subject to the statutory provisions as to unappropriated balances of revenue and must be used to reduce the rate of ad valorem taxation of the municipality for the ensuing fiscal year, the application thereof being to the sinking fund to the extent of the needs of

that fund and the remainder, if any, to the current expense fund to the extent of the needs of that fund."

We agree with the plaintiffs that the above rule may as well apply to a building belonging to a school district as to a public utility of a city. Although section 27 of the Constitution, supra, does not apply to school buildings, section 10, art. 10, of the Constitution, together with section 6880, O. S. 1931, 70 Okla. Stat. Ann. § 200, grants to school districts a similar authority to issue bonds for the erection and repair of such buildings, and when the two latter sections are taken in connection with section 16, art. 10, of the Constitution, limiting the expenditure of borrowed funds to the purpose for which the indebtedness was incurred, the rule of law would be the same.

But we cannot agree that the fund in question was misappropriated in the sense that would lay defendants liable therefor to the school district. The district came by this money as a result of a bonded indebtedness. It had been once applied to the use to which it was dedicated by the bond issue. Then the money was returned to the district as a result of a sale of the property in which it was first invested, and was reinvested to a like purpose during the fiscal year in which it was lastly received as aforesaid. All this is made to appear from the petition.

At the time of the second investment the decision in Protest of Reid, supra, stood as the last pronouncement of this court on the subject here involved. It was there held in effect that funds of this character may lawfully be reinvested by the proper authorities in a project similar to that to which it was originally applied if such reinvestment is accomplished during the fiscal year in which the money was lastly received, though no appropriation to that purpose had been made as provided by section 26, art. 10, of the Constitution. It is true that this particular question was not involved in the Reid Case, thus branding as mere dicta the court's ruling thereon.

However, the defendants say they relied on that decision as defining their authority when they disbursed the funds in question.

But the aforesaid pronouncement is unsound, unsupported by the decisions, and an improper interpretation of the constitutional provisions. That decision, so far as it would authorize the investment, without appropriation, of the funds derived from the sale of public buildings or utilities, should be and is overruled.

However, the defendants in relying on said decision as defining their authority were within their legal rights as public officials. The expenditure was made in conformity with the rule there stated, and the officers should not be penalized at this time for acting pursuant to the law so interpreted by this court. Public officials are governed by existing statutes and constitutional provisions, including the judicial construction placed thereon by the highest court of the state. See Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U. S. 358, 77 L. Ed. 360, 53 S. Ct. 145. There the above rule was applied to the contract between a shipper and carrier. It applies as well to the acts of public officials as between them and the government they represent. The matter is merely one of judicial principle founded upon right and justice.

The item here in question was before this court in the tax levy protest case of Excise Board of Oklahoma County v. Continental Oil Co., 173 Okla. 577, 49 P. 2d 540. That case is cited by plaintiffs in support of certain portions of their argument, but it is of no value as authority in the instant case. The legality of the expenditure of the funds in question was not there passed upon.

The petition failed to state a cause of action against any of the defendants, and the trial court therefore properly sustained the demurrers above mentioned.

There is no necessity of examining the other assignments.

The judgment is affirmed.

RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and WELCH, V. C. J., dissent.

---

WELCH, V. C. J. (dissenting). The majority opinion is susceptible of the construction that it not only holds that good faith expenditure is a defense to an action for recovery of money illegally spent by public officers, but also holds that a claim of good faith may be asserted by defendants in connection with a general demurrer to the petition. This would seem quite close to the holding that the petition must affirmatively allege bad faith or evil motive, else, no matter how illegal the expenditure was, the petition could not state a case and there would be no recovery of illegally spent money. This court has many times construed the applicable statutes. Many such decisions expressly hold or definitely imply to the contrary. See Moreland v. State, 175 Okla. 38, 51 P. 2d 945; State ex rel. Morrison v. City of Muskogee, 70 Okla. 19, 172 P. 796; State ex rel. Wood v. Kimbrell, 152 Okla. 239, 5 P. 2d 366; State ex rel. Awtrey v. Randolph, 139 Okla. 254, 281 P. 956; State v. Cole, 178 Okla. 567, 63 P. 2d 730; Dorsett v. State, 144 Okla. 33, 289 P. 298; McGuire v. Skelton, 36 Okla. 500, 129 P. 739; State ex rel. Shillings v. Oklahoma City, 67 Okla. 18, 168 P. 227, and Dowler v. State, 179 Okla. 532, 66 P. 2d 1081.

If good faith is to be so controlling as a defense, it seems at least that a defendant relying thereon should be required to submit his good faith to test, by answer pleading it, so that it might be controverted. It is generally so in cases where good faith relieves from liability.

The majority opinion gives far too much effect to one part only of the Reid Case (Protest of Reid, 160 Okla. 3, 15 P. 2d 995), and therefore misconstrues it to be a holding which is foreign to the case as a whole, in my judgment. That case is more nearly authority for holding the expenditure here involved to be definitely an illegal and unauthorized expenditure, and therefore recoverable under the statutes and decisions. That case as a whole would hardly lead a school board to conclude that it could deposit such public funds in a separate bank account and withdraw and expend therefrom the $100,000 without appropriation, and in excess of the aggregate annual appropriations, as was done in the instant case, that is, as was alleged in the petition, and admitted by demurrer for the purpose of demurrer.

I therefore must dissent.

Mr. Chief Justice BAYLESS concurs in these views.