**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Harlan E. GRIMES, Respondent.**

**S. C. B. D. 1794.**

Supreme Court of Oklahoma.

Sept. 13, 1967.

Rehearing Denied Nov. 21, 1967.

42

Floyd L. Rheam and Claude H. Rosenstein, Tulsa, Jack Swidensky, Oklahoma City, for complainant.

Harlan E. Grimes, pro se.

JAMES, Justice.

A disbarment proceeding against Respondent was initiated on May 14, 1959, by complaint signed by the President of the Oklahoma Bar Association which was presented to the Executive Council of the Bar. On July 9, 1959, the Executive Council directed that formal complainant be prepared and filed and designated a trial examiner.

The formal complaint charged Respondent with the following wrongful conduct:

(a) Beginning in the year 1948 and thereafter to the date of filing the complaint, Respondent verbally and by circulation of a pamphlet entitled "The Secret Bribe of $20,000.00" accused the Justices voting for the opinion in "State of Oklahoma, ex rel., Grimes vs. Board of Education of Oklahoma City, et al., No. 27340, 186 Okl. 665, 99 P.2d 876," of having accepted a bribe of $20,000.00 for the opinion in the case. That these charges were widely circulated among various parties and groups as named.

(b) That by rubber stamp the amount was changed to generally accuse that the Members of the Supreme Court of Oklahoma accepted bribes during the year 1951 of approximately $1,-800,000.00.

(c) That on or about March 10, 1959, Respondent, as attorney for H. D. Amos, charged that the decision of the Supreme Court of Oklahoma .in the case of "Marshall vs. Amos, 300 P.2d 990," was corrupt and that a bribe of $25,000.00 had been paid.

A copy of the complaint was sent to Respondent by registered mail on July 15, 1959. Respondent requested a public hearing and was granted the same. A public hearing was set on August 18, 1959, and Respondent failed to appear, either in person or by counsel. Prior to proceeding with the hearing the trial examiner talked by telephone with Respondent at his home in Dallas, Texas, and Respondent stated that he would not appear and that he had resigned from the Oklahoma Bar Association. The resignation had not been received by the Bar Association and the trial examiner proceeded to conduct a hearing and submitted his Findings of Fact and Conclusions of Law and Recommendations to the Executive Council, and it adopted the same on October 15, 1959.

The findings of the trial examiner, which were adopted by the Executive Council, found that Respondent had circulated and published the charges set forth in the complaint and that such were false, and that his

actions constituted unprofessional conduct and was in violation of the Canons of Professional Ethics and that he should be disbarred.

The complete record with the reports, findings and recommendations were filed in this Court on October 28, 1959, and due notice to answer the charges was given to Respondent. Appropriate rules provided that he should respond within sixty (60) days and this Court waited until March 8, 1960, with no response having been filed, and this Court's opinion was issued on that date and is cited as 354 P.2d 1080.

After the recent public disclosure that N. S. Corn, a former member of this Court, had by his own admission been guilty of taking bribes in certain cases since sometime soon after he took office in 1935; the resignation from this Court of Earl Welch; and the impeachment of N. B. Johnson, Respondent has filed in this case a motion to recall and set aside the decision of this Court entered on March 8, 1960, which disbarred him from the practice of law in Oklahoma. The grounds listed in said motion are summarized as follows:

(a) No cause of action was stated in the original complaint which brought about his disbarment.

(b) The particular Canon of Professional Ethics which he was alleged to have violated, was not specified in the complaint.

(c) There was never a denial of the truthfulness of the charges of bribery in the Board of Education case, and the Marshall vs. Amos case.

(d) The truthfulness of the charges that he made.

This Court called upon the Complainant to respond to said motion and formal written response was filed. Both Complainant and Respondent were heard orally on the issues involved herein and also upon Respondent's request to take depositions and present evidence in support of his motion. This Court entered its order herein granting to Respondent the right to take depositions and to present such evidence as he might de-

sire in support of his motion. The deposition of Henry G. Marshall was taken before this Court on July 25, 1966. Other evidence was submitted by the Respondent which will be referred to.

The first ground of Respondent's motion is that no cause of action was stated in the original complaint which brought about his disbarment. There is no merit in this contention. The complaint charged Respondent with making three separate false charges of bribery against various members of this Court. To make such charges without adequate proof thereof does constitute unprofessional conduct and is sufficient reason for disbarment. In the Matter of Knight, 264 App.Div. 106, 34 N.Y.S.2d 810.

It is also the contention of the Respondent that no legal court existed on March 8, 1960, when the order of disbarment was entered herein, by reason of Title 21, Section 382, Oklahoma Statutes (1961), which provides that a judicial officer who accepts a bribe "shall forfeit his office."

In Johnson, et al. v. Johnson, Okl., 424 P. 2d 414, decided January 20, 1967, this Court held:

"Before a public officer coming within the Constitutional purview of 21 O.S.A. § 382 may be adjudged to have forfeited his office or become disqualified from holding future office as therein provided, his guilt must have been adjudged at least in a formal proceeding wherein he was accorded due process of law. Whether such statute requires conviction in a criminal proceeding against the officer is not decided."

Therefore, Respondent's contention that there was not a qualified court to have issued the order of disbarment on March 8, 1960, is not well taken.

Respondent could not have been misled as to which of the Canons of Ethics he was accused of violating by the terms of the complaint against him. Canon 1 of the Professional Ethics of the Bar Association is as follows:

"1. The Duty of the Lawyer to the Courts.

It is the duty of the lawyer to maintain towards the Courts a respectful attitude, not for the sake of the temporary incumbent of the judicial office, but for the maintenance of its supreme importance. Judges, not being wholly free to defend themselves, are peculiarly entitled to receive the support of the Bar against unjust criticism and clamor. Whenever there is proper ground for serious complaint of a judicial officer, it is the right and duty of the lawyer to submit his grievances to the proper authorities. In such cases, but not otherwise, such charges should be encouraged and the person making them should be protected."

Respondent contends that the charges made by him against the various Justices of the Supreme Court were made in obedience to his oath as an attorney as prescribed by Title 5, Section 2, Oklahoma Statutes (1961), and in which oath the attorney swears that he will do no falsehood or consent that any be done in court, and if he knows he will give knowledge thereof to the Judges of the court or some one of them that it may be reformed. Respondent also cites Canon 29:

"Lawyers should expose without fear or favor before the proper tribunals corrupt or dishonest conduct in the profession, * * *. He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."

The oath taken by an attorney under the Statutes of Oklahoma and the Canon of Professional Ethics above quoted, are not contrary to one another. Rather, they support one another. The oath of the attorney requires that when he knows of wrongdoing, that he report the same. The Canon of Ethics states that when the wrongdoing is on the part of a judicial officer that it is the duty of the lawyer to submit his grievances to the proper authorities. In the instant case the Respondent accused various members of this Court at diverse times of accepting bribes. This is a crime as prescribed by Title 21, Section 381, Oklahoma Statutes (1961) and one of the proper authorities would be the District Attorney where the bribe was supposed to have been paid. In the event the District Attorney would not file a complaint, the evidence could be submitted to a grand jury.

Since the persons accused of accepting bribes by the Respondent were members of the Supreme Court, they were subject to impeachment and the Respondent could properly present his evidence to the Legislature for action.

This Court is not unaware of the fact that it is extremely difficult to prove bribery without the testimony of the bribe giver or the bribe taker.

It is altogether possible that a person could possess enough evidence and knowledge to convince him in his own mind of bribery and yet not have sufficient evidence to get the proper authorities to act. Even under these circumstances it is difficult to see how the cause of justice is promoted by the publication of pamphlets and making charges in the news media which cast doubt upon the honesty of all the Justices serving on the Supreme Court. As was stated in the case of In the Matter of Knight, 264 App.Div. 106, 34 N.Y.S.2d 810:

"* * * The respondent is aware of the appropriate forum for such a proceeding. The means he has resorted to are an attempt to undermine judicial respect and the reputation of the courts and judges and are most unprofessional, being a violation of the first canon of the Canons of Professional Ethics, which covers the duty of a lawyer to the courts."

The third ground of the motion for recall is that there was never a denial of the truthfulness of the charges of bribery in the case of State ex rel. Grimes v. Board of Education, 186 Okl. 665, 99 P.2d 876; and Marshall v. Amos, (Okl.), 300 P.2d 990.

Certainly every presumption of law is against the truth of the accusation of bribery made against the various Justices. The burden of proof is upon the one charging bribery to prove the truthfulness of the

charges and not upon the one charged to prove the untruthfulness thereof. Whether or not there was a denial of the truthfulness of the charges is immaterial.

The last and only ground on which the Respondent might be entitled to any relief is that subsquent happenings show that part of the charges he made were correct. This Court gave Respondent the right and opportunity to present any and all evidence which might prove the accusations that he had made against various Justices of this Court.

Respondent charged that a bribe of $20,-000.00 was paid in connection with the opinion rendered by this Court in State of Oklahoma, ex rel. Grimes v. Board of Education of Oklahoma City, et al, 186 Okl. 665, 99 P. 2d 876. Respondent submitted his affidavit verifying the authenticity of the matters pertaining to this alleged bribe, which are set forth on Pages 11–22 in the pamphlet entitled "Justice?" copyrighted by Respondent in 1959 and widely circulated. This Court has carefully examined the allegations set forth in said pamphlet and do not find any reasonable inference that bribery was involved in that decision. Certainly the Respondent had a right to criticize said decision and to assert that the same did not follow the law of the State of Oklahoma as it had been announced in prior cases. The language of Justice Brennan in the case of In re Sawyer, 360 U.S. 622, 79 S.Ct. 1376, 3 L.Ed.2d 1473, is appropriate:

"We start with the proposition that lawyers are free to criticize the state of the law. * * * But all are free to express their views on these matters, and no one would say that this sort of criticism contituted an improper attack on the judges who enforced such rules and who presided at the trials. This is so, even though the existence of questionable rules of law might be said in a sense to produce unfair trials. Such criticism simply cannot be equated with an attack on the motivation or the integrity or the competence of the judges."

Also pertinent is the language in Atty. General v. Nelson, 263 Mich. 686, 249 N.W. 439, wherein that Court said:

"Courts generally recognize that the public, and this includes the attorneys, has the right to criticize their opinions, and such criticism, when fairly indulged in, does not subject an attorney to discipline by the court, but such criticism must not go so far as to attack the integrity of the judge who has rendered the decision. * * * 'but this privilege does not carry with it the right to charge fellow attorneys and the presiding judge with conspiracy and corruption, when there is no adequate basis for such a charge.' In re Mains, 121 Mich. 603, 609, 610, 80 N.W. 714, 717."

The Respondent had a perfect right to be critical of the decision, but it was certainly unprofessional conduct to have charged Justices who concurred in this opinion with bribery with no more evidence of such alleged bribery than the Respondent was able to offer.

The second charge which Respondent was accused of circulating was that members of the Supreme Court of Oklahoma accepted bribes during the year 1951 of approximately $1,800,000.00. This charge had been made by Respondent by a rubber stamp placed on a pamphlet being circulated by the Respondent with the words of the rubber stamp being as follows:

"Would it be shocking to learn that bribes paid members of the Oklahoma Supreme Court in 1951 were approximately $1,-800,000.00?"

When Respondent was questioned by this Court as to whether he had any factual basis for making this suggestion of bribery against the members of this Court in 1951, he stated that he had no factual basis except that a man stated to him that he had access to the tax returns of some of the Justices and that the bribes to the Justices would "average about $200,000.00 apiece." Respondent stated to this Court that he does not believe that each Justice on this Court

in 1951 accepted a bribe, however, by his actions he accused the innocent as well as the guilty with this wrongful conduct.

■ This Court would be the last to deny that Respondent has the right to uphold the honor of the profession and to expose without fear or favor corrupt or dishonest conduct in the profession, whether the conduct be that of a Judge or attorney. However such charges should be specific and not general and should not be made unless one has specific factual proof thereof rather than supposition and hearsay. The language In the Matter of Meeker, 76 N.M. 354, 414 P. 2d 862, 869, is applicable:

"* * * When one's fancy leads him to make false charges, attacking the character and integrity of others, he does so at his peril. He should not do so without adequate proof of his charges and he is certainly not authorized to make careless, untruthful and vile charges against his professional brethren."

In State ex rel. Florida Bar v. Calhoon (Fla.1958) 102 So.2d 604, that Court said:

"It would be contrary to every democratic theorem to hold that a judge or a court is beyond bona fide comments and criticisms which do not exceed the bounds of decency and truth or which are not aimed at the destruction of public confidence in the judicial system as such. However, when the likely impairment of the administration of justice is the direct product of false and scandalous accusations then the rule is otherwise. 5 Am.Jur., Attorneys at Law, Sec. 266, p. 420."

The Respondent was willing to brand all the Justices serving on this Court in 1951 with having accepted bribes without adequate proof of his charge. Certainly this action exceeds the bounds of decency and truth and is aimed at the destruction of public confidence in the judicial system.

The third and last charge against the Respondent in the complaint on which he was disbarred is that on March 10, 1959, Respondent, as attorney for H. D. Amos, charged that the decision of the Supreme Court in the case of Marshall v. Amos, 300 P.2d 990, was obtained by a bribe of $25,-000.00 paid some members of this Court.

The evidence before this Court does reveal that on March 10, 1959, when Grimes is accused of making this charge of bribery, that he did have some factual evidence of a bribe having been paid. The proof referred to is a letter dated October 18, 1956, written by Titus Haffa to The First National Bank of Wichita Falls, Texas, and in which letter a prior letter dated May 4, 1956, written by said Bank to Mr. Haffa was quoted and in which letter said Bank agreed that they would, at the request of H. G. Marshall, et al, release to O. A. Cargill $30,000.00 out of the oil runs that were being held in suspense, when and if the case of Marshall v. Amos, et al, No. 36936 pending in this Court was reversed and the mandate spread of record.

Respondent also had a copy of cashier's check No. 743 issued by The First National Bank of Wichita Falls, Texas, dated October 23, 1956, payable to O. A. Cargill in the amount of $30,000.00, which cashier's check was drawn on the Ida B. Marshall Special Account and containing a notation that it was purchased for legal fees in full in Case No. 36936. This cashier's check was returned uncashed. Respondent had a copy of another cashier's check also dated October 23, 1956, being No. A183375 purchased by Ida B. Marshall from The First National Bank of Wichita Falls, Texas, payable to O. A. Cargill in the amount of $30,000.00, which check contained the endorsement of O. A. Cargill. O. A. Cargill had not appeared as attorney of record for the Marshalls in either the trial court of when the case was being heard by the Supreme Court.

■ This Court is not saying that the above evidence alone was sufficient to prove that a bribe had been paid. However, the above evidence does convince us that the Respondent was not guilty of professional misconduct in charging that a bribe had been paid in that case. Recent admissions on the part of N. S. Corn is additional evidence that a bribe was paid in that case.

The specific charge for which the Respondent was disbarred as set forth in the findings of the trial examiner and which findings were adopted by the Executive Committee of the Bar Association and which was approved by this Court in its opinion entered herein on March 8, 1960, was "the circulation and the publication of the false and fraudulent claims of bribery against members of the Supreme Court" which was found to be unprofessional conduct, a breach of his oath as an attorney and in direct violation of the Canons of Professional Ethics of the State Bar.

 Respondent did not prove the truthfulness of the first two charges of bribery, but wholly failed to do so, and we find such charges to have been made by Respondent on supposition and hearsay. We therefore are unable to grant the relief sought by the Respondent and decline to recall and set aside the disbarment order of March 8, 1960.

However, we believe that this case presents at least two unusual aspects which prompt our further attention and consideration.

Upon the first two charges of bribery, the Respondent had made these unwarranted accusations for approximately eleven years without any disciplinary action. It was only after his accusation of corruption in the case of Marshall v. Amos, supra, that the disbarment proceeding against him was commenced. Also, it is upon this accusation that the Respondent did have some factual data to support the charge, which was later substantiated by admissions of N. S. Corn. It is upon these aspects we feel constrained to lend equitable consideration.

We, therefore, withdraw the disciplinary penalty of ad infinitum disbarment, and conclude that the disbarment of the Respondent for the last six and one half years is sufficient disciplinary punishment for his misconduct prior to March 8, 1960, the date of his disbarment.

. The Rules of the Oklahoma Bar Association provides in Article VII, Section 22, the procedure for reinstatement for one who has been suspended or disbarred from the practice of law.

The conduct and rehabilitation of the Respondent since his disbarment of March 8, 1960, or the Respondent's moral qualifications, competency and learning in the law as required for admission to practice law in the State of Oklahoma, are matters of which this Court has no knowledge and are not proper subjects of inquiry herein. Section 22, supra, provides that an application for reinstatement must first be presented to the Executive Council of the Oklahoma Bar Association. The Executive Council after a complete investigation then presents its report and recommendation to this Court for final determination.

If the Respondent is still convinced that some of the present members of this Court are guilty of acts of wrongdoing, this Court reminds Respondent that the Oklahoma Bar Association did create an Investigating Committee, to which this court gave broad powers of subpoena and compulsory attendance of witnesses, for the purpose of determining any corruption that existed on this Court. This Bar Committee was assisted by a committee of laymen appointed by the Governor. Five of the present Justices of the Court and one former member waived their immunity and testified fully before the Committee. (Three of the present members of the Court did not come to the bench until after the trouble and of course were not in any way involved.) After exhaustive hearings in which all evidence which any citizen desired to present was heard, including testimony of the Respondent given on January 30, 1965, and in which complete property and financial records and tax returns of all concerned were examined, the Committee completely exonerated all of the then members of the Court from any suspicion of wrongdoing.

The Governor's Citizens Committee concluded its report as follows:

"In conclusion the Governor's Committee hastens to compliment and praise, Chief Justice Harry L. S. Halley, Justice Wil-

liam A. Berry, W. H. Blackbird, Denver Davison, Pat Irwin, Floyd L. Jackson and Ben T. Williams because throughout all comments received, throughout all testimony given, there was not one iota of suspicion cast on these gentlemen." 36 OBAJ 704–705.

This Court also gave the Respondent a full opportunity to present any and all evidence to show acts of wrongdoing on the part of any of such Justices and Respondent wholly failed to present any facts to cast any doubt as to their integrity.

Since the disclosure of instances of bribery on this Court, there has been created by a vote of the people of this State, a Court on the Judiciary and if Respondent, or any other attorney or citizen, has factual knowledge of any corruption or wrongdoing on the part of any member of this Court, or other courts under the jurisdiction of the Court on the Judiciary, then such factual knowledge should be presented to the appropriate agency or authorities, which are in turn authorized to initiate a proceeding before such Court.

It follows from the foregoing that Respondent's motion to recall and set aside the order of disbarment entered herein on March 8, 1960, is denied; however, his ad infinitum disbarment is withdrawn and upon the Respondent making an application for reinstatement, the Executive Council is hereby directed to conduct an investigation and submit to this Court its findings and recommendation as they deem appropriate and necessary.

MONTGOMERY, QUINLAN, ROGERS and LITTLE, JJ., concur.

HODGES, C. J., and HUBBELL, V. C. J., concur in part and dissent in part.

LAVENDER and RIZLEY, JJ., dissent.

Chief Justice HALLEY, Vice Chief Justice JACKSON, and Justices DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY having voluntarily certified their disqualification in this case, Honorable WALTER HUBBELL, Walters, Oklahoma; Honorable JAYNE MONT-GOMERY, Purcell, Oklahoma; Honorable WAYNE QUINLAN, Oklahoma City, Oklahoma; Honorable CARL A. RIZLEY, Sayre, Oklahoma; Honorable REUEL W. LITTLE, Madill, Oklahoma; Honorable JOHN ROGERS, Tulsa, Oklahoma; and Honorable RICHARD JAMES, Stroud, Oklahoma, were appointed Special Justices in their stead.

LAVENDER, Justice (dissenting):

With all respect to the ably prepared and well-written majority opinion, I am unable to agree that this court should order that Respondent is entitled to apply to the Bar Association for reinstatement.

I agree with the majority opinion wherein it says that,

"An attorney who charges particular Judges with corruption, without adequate proof thereof, is guilty of unprofessional conduct and such action is sufficient grounds for disbarment."

On July 6, 1966, Respondent filed in this proceeding an instrument designated "Reply to Response of Complainant to Applications for Commissions to Take Depositions and for Order to Produce Minutes, Documents and Information, Including Deposition of Henry G. Marshall of October 29, 1964."

In that instrument the Respondent continued to charge that one of the members of the Supreme Court more than twenty-five years ago accepted a bribe in the case of State of Oklahoma ex rel. Grimes v. Board of Education, No. 27340. That particular judge is still a member of the Court.

In the same instrument the Respondent charged that the above mentioned judge and two others (one of whom is still a member of the court and the other of whom is now retired) accepted bribes in the case of Marshall v. Amos, No. 36936. It appears that all of the above named judges are specifically named in the pleading, which is of course on file in this court and a matter of public record.

The same or similar charges were made by Respondent at other times and places. He was given ample opportunity in this court to offer what proof he had to support

such serious charges. The Respondent was given more than ninety days within which to take the depositions of any persons who he believed might testify in support of the charges. The subpoena power of this court was requested by him and it was made available. The Respondent failed to introduce one iota of competent evidence to substantiate his charges.

On the other hand these same judges, together with others, voluntarily appeared before the Governor's Citizens Committee, waived all of their Constitutional immunities, and freely gave their testimony concerning their incomes and many other matters of a personal nature. They made their income tax and other financial records available to that Committee for a full and thorough scrutiny. The finding of that Committee is quoted verbatim on page 14 of the majority opinion.

When the Respondent was asked to show cause, if any he might have, why he should not be prohibited from practicing before the Tenth Circuit Court of Appeals of the United States, he again made the charges referred to above. For making these charges and failing to offer proof in support of them, he was disbarred by that court. In the Matter of Grimes, decided July 28, 1966, 364 F.2d 654.

While I concur fully with my able colleagues that every lawyer performs his duty when upon becoming aware of misdeeds in court he informs the proper authorities, I cannot agree that a person who makes the charges which the Respondent has made in this proceeding, when obviously he had no evidence to support such charges, should be licensed to practice law in Oklahoma.

In State ex rel. Dabney, Atty. Gen. v. Breckenridge, 126 Okl. 86, 258 P. 744, it was said:

"Those learned in the law are permitted special privileges by the law itself. The privileges admissions to the bar carry are intended for the public good. Such are exercised as officers of the court. As such they are not in the same position in relation to the courts as persons who are not accorded these privileges. Part of the oath of an attorney * * * is that he will act in the office of attorney in this court with all good fidelity to the court. * * *

In State Bar Commission ex rel. Williams v. Sullivan, 35 Okl. 745, 131 P. 703, L.R.A. 1915D, 1218, this Court, which was then as it is now, composed of a majority of specially appointed justices, said:

"The obligation which attorneys assume * * * is not simply to be obedient to the Constitution and laws, but to maintain at all times the respect due the courts of justice and judicial officers. This obligation * * * includes abstaining, out of court, from insulting language and offensive conduct toward the judges personally for their judicial acts. * * *"

I am of the opinion that even if Respondent should file an application with the Bar for his reinstatement that upon investigation that association would recommend to this court that Respondent be not licensed as a lawyer for the reason that he has continued to make false and libelous statements against certain members of the judiciary. It would be then for this court to determine whether such are the facts. We have before us proof of such conduct and we have, in the majority opinion, held that such are "sufficient grounds for disbarment". I see no purpose to be served in referring the matter to the Bar Association.

I respectfully dissent.

I am authorized to state that RIZLEY, J., concurs with the views hereinabove expressed.

HODGES, Chief Justice (concurring in part and dissenting in part).

I concur in the majority opinion that the disbarment order of March 8, 1960, against the Respondent should not be recalled and set aside.

I respectfully dissent, however, from that portion of the opinion which recalls the disciplinary penalty of ad infinitum disbarment and concludes that the disbarment of the

Respondent for the last six and one half years is sufficient disciplinary punishment.

The only issue presented to this court is whether the disbarment order of March 8, 1960, should be recalled and set aside on the grounds listed in the Respondent's motion. The court has decided this issue and has refused to grant the relief sought by the Respondent.

The extent of the punishment under the disbarment order is not an issue for our determination in this case. There has been no evidence presented on this issue either by the Respondent or the Complainant. I would withhold any determination of this issue until it was properly presented, evidence received, and fully briefed and argued by both the Respondent and the Complainant.

I have no objections of extending equitable consideration to the Respondent on the basis that subsequent events revealed a partial truth of his accusations, but I would do so, only when the issue was properly presented.

I am authorized to state that HUBBELL, J., concurs in the views hereinabove expressed.