### STATE ex rel. DABNEY v. LEDBETTER.

No. 18323. Opinion Filed Feb. 3, 1933.

W. A. Ledbetter and H. E. Ledbetter, for applicant.

W. C. Austin presenting the report of the Board of Governors of the State of Oklahoma.

SPEAKMAN, Special Justice. A decision and order of this court was entered in this action on March 22, 1932 (156 Okla. 23, 9 P. [2d] 728), upon the petition of respondent for reinstatement as a member of the bar of this court. As a part of this order respondent's petition was referred to the State Bar of the state of Oklahoma to be by it, in turn, referred to its properly constituted committee "for thorough and complete investigation." Such order further directed that the State Bar, after hearing the evidence, "report its findings of facts and recommendations to this court for proper action."

Such report has been returned and filed herein disclosing a painstaking effort on the part of the Honorable Board of Governors of the State Bar. The report contains detailed findings of fact and specific recom-

mendation. It, therefore, becomes the duty of this court to take proper action upon the report. It must be borne in mind that the gentlemen who made this investigation and filed this report were performing an unpleasant duty at the behest, and under the direction of this court. Therefore, these findings and recommendations should receive the most careful analysis and consideration at the hands of this court. If correct, they should be approved. If found to be erroneous by this court, the reasons therefor should be set forth and stated.

We give full faith and credit to the statements of Senator W. C. Austin, who presented the report of the State Bar with such ability, professional poise, and respect for the unhappy position of this respondent as to be worthy of the highest commendation of this court. In the course of his argument he stated, in effect, that the members of the Board of Governors who made the report would yield gracefully to the opinion of this court and that he would rejoice in the restoration of respondent as a member of the bar if justification for such action could be found in the conscience of this court.

Three grounds were set forth in the report as a basis for the recommendation that respondent's petition for reinstatement be denied, as follows:

First. That respondent had wrongfully and persistently engaged in the practice of law since his disbarment on October 2, 1927.

Second. That the respondent, as an attorney, filed in the District Court of the United States for the Eastern District of Oklahoma, in cause No. 3982, entitled "Willis v. Scott," a pleading containing language disrespectful to the Supreme Court of this state.

Third. That he fraudulently withheld from the Supreme Court of the United States, and its investigating committee relative to his disbarment proceedings, certain facts pertaining to his having waived the question of disqualification of certain members of the Supreme Court of this state in his original disbarment proceedings herein.

As to the first ground, we feel there is no little merit. It is apparent that respondent has continued the practice of law with offices in the city of Ardmore. After the original disbarment order, he continued a partnership arrangement with his son, who practiced in the state courts, and shared equally in the proceeds of the firm. Certain mitigating facts are found in this case,

however, which are altogether novel or unusual.

Although respondent was disbarred by valid order of this court, he was permitted to practice in the various federal courts, including the Supreme Court of the United States, by order of such courts. The privilege of practicing before federal courts necessarily carried with it the right to do all things proper to and incident to such practice. This made respondent's position very difficult. He, himself, made no appearances in the state courts, yet the continuance of his partnership, with his partner engaging in state practice, and respondent participating in the fees, evidences a conduct which cannot receive the approval of this court. He did not divorce himself from the state practice as he should, and such misconduct, alone, would constitute a sufficient ground for denying the petition of respondent for reinstatement unless considered in connection with other elements which we shall presently point out.

The second ground contained in the report involves an alleged disrespect for this court. The language used in the pleading filed in the federal court, which is said to reflect upon the integrity of the Supreme Court of this state, is quoted as follows:

"That said opinion is based upon a set of facts wholly inconsistent with the record and based upon a set of facts made up by the Supreme Court itself wholly outside of the record."

It is contended by the respondent that the pleading was filed in an attack upon the decision of this court, in good faith, and in a zealous effort to protect his client, and that the language used was inadvertent and not properly considered. There were associate counsel in the case who appeared before this court on the date of oral argument and who took upon themselves the primary and major responsibility for the filing and preparation of this pleading.

It cannot be questioned that the language employed is too harsh, critical, and carries with it an attitude of disrespect. The gravamen of the offense, however, if any, depends upon the intention of those who employ the language. Reprehensible, indeed, is the conduct of an attorney who, having lost his case by the decision of a court, attempts to discredit that court and wreak out the vengeance of his disappointment by criticism and disrespectful conduct. In the common affairs of life he would be known and designated as a "poor sport." In the more serious affairs connected with the administration of justice, he becomes a destructive factor in our institutions of government. Public confidence and respect for courts of justice are indispensable requisites of a democratic form of government. Where attorneys do not evince a proper respect and confidence, the public cannot be expected to do so. Thus, the threat to organized government becomes grave and of no little concern. With the explanation and apologies offered, however, we doubt if anyone could contend that the counsel who were associated with respondent deserve any additional disciplinary action on the part of this court toward them.

Can it, therefore, be said, that in a case where associate counsel, who have taken upon themselves the primary and major responsibility, and who occupy positions free from even a disciplinary measure from this court, this court should close against the respondent the doors of his profession forever? We do not think so, and feel that a more humane rule should be adopted by this court.

The same consideration applies to the third ground set forth in the report of the Honorable Board of Governors. Here it is contended that in the proceedings before the Supreme Court of the United States (see In re Ledbetter, 50 Sup. Ct. 349, 52 Sup. Ct. 139, 76 L. Ed. 1300), the respondent, Hugh A. Ledbetter, omitted to inform the Supreme Court of certain facts, which failure constituted a fraud practiced upon that court.

The details of that controversy are set forth in the opinion of this court rendered on May 22, 1932 (156 Okla. 23, 9 P. [2d] 728). That opinion clearly states the law applicable to that controversy, and to repeat the same would serve no useful purpose here. The facts are germane to our present consideration only in so far as they reflect upon the integrity and proper mental attitude of the respondent, Hugh A. Ledbetter, as bearing upon his worthiness to reinstatement as an attorney.

As to whether or not a fraud was perpetrated upon the Supreme Court of the United States by this conduct, depends primarily upon the mental attitude of respondent. If this information was not purposely and designedly withheld for the purpose of perpetrating a wrong, the acknowledgment of the error and apologies therefor should purge the accused of the

same. The most conclusive index in arriving at the question as to whether or not respondent acted in good faith or with an evil design, may be found in the following facts: W. A. Ledbetter, the brother of respondent, represented him in all these matters. As counsel, he took upon himself the burden of preparing the record in question. It was he who had first hand information as to the very fact in question. If we should hold that respondent committed a fraud upon the Supreme Court of the United States, we must necessarily and essentially conclude that W. A. Ledbetter participated in the same. No question whatever is raised in the record in this case, or in the mind of the court, as to the integrity of W. A. Ledbetter, an honored member of the bar of this state.

We cannot fasten upon W. A. Ledbetter, in this case, the badge of fraud, nor, in this connection, could we find the respondent guilty of intentional misconduct.

There are certain things which are controlling in our conclusion that the respondent should be reinstated as a member of the bar of this state. As to his legal ability, there can be no doubt. It is conceded that he has made a complete reform with reference to the use of intoxicating liquor, the use of which played an important part in his original disbarment, which was based upon the grounds of disrespectful attack and conduct toward this court. He has made a complete apology in proper and acceptable form. His reinstatement is recommended and urged by the citizens of the city where he resides, expressing complete confidence in his integrity and reform; among these recommendations is included the unanimous indorsement to this fact by the Carter county bar, where the respondent resides and has practiced law for more than 30 years prior to his disbarment. These indorsements and recommendations include prominent business and professional men of that city, including all county officials and judges of the courts of that county.

It is only fair to the Honorable Board of Governors who made the report now under consideration to emphasize the fact that the apology above mentioned and the recommendation were not before the Honorable Board of Governors; this fact is pointed out during the course of oral argument; however, these matters appear as a part of the permanent records and files of this court,

having been filed herein prior to the reference of this matter to the Honorable Board of Governors. It is the proper practice that all matters to be considered by this court upon reports of this nature should be included within the record; nevertheless, we feel that, inasmuch as these documents are a part of the records of this court, they should be considered. We are frank to say that, in our opinion, if this apology, together with such recommendation, had been properly brought to the attention of the Board of Governors, their conclusion would in all probability have been very much affected. Where the grounds of disbarment are based upon disrespectful conduct toward the court, it must be conceded that a proper apology is a necessary prerequisite to the application for reinstatement.

The court feels that it would be proper to refer this matter again to the Board of Governors in order that they might have an opportunity of passing upon this additional record showing, but, owing to the long drawn out procedure connected with this action, and upon the request of counsel presenting the report of the Board of Governors that the matter be by this court decided once and for all, we have deemed it advisable to pass a final decision upon the matter, trusting that we have done the Honorable Board of Governors no injustice by so doing.

No harsh rule should be adopted in this state pertaining to the reinstatement of attorneys to the practice of law in this jurisdiction; each case should be determined by the particular facts involved therein.

It is therefore ordered that Hugh A. Ledbetter be reinstated as an attorney at law in this state, vested with full power and authority to practice before this court, and all inferior courts of the state, upon his compliance with the formality required for admission of attorneys to the practice of law, and that this judgment shall take effect upon the filing of this opinion with the clerk of this court.

CULLISON, Acting C. J., and OSBORN, BAYLESS, and WELCH, JJ., and TOLBERT, COOK, and DIXON, Special JJ., concur. McNEILL, J., absent. RILEY, C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., having certified their disqualification, do not participate.