Application of MAUPIN.

No. 491.  Dec. 16, 1941.

*120 P. 2d 358.*

28

Hall & Cotten and C. E. Hall, all of Oklahoma City, for petitioner.

Walter Scott, of Idabel, for the State Bar.

CORN, V. C. J. The matter herein presented involves the petition of John A. Maupin for reinstatement as a member of bar of this state.

Applicant was admitted to the practice of law in June, 1908, and was engaged in active practice of law until November, 1938. At that time, upon complaint filed against him before the State Bar, and in conformity with the recommendation of the Board of Governors, this court rendered its decision disbarring petitioner from the further practice of law in this state, for the reason that the acts of which petitioner was found guilty constituted moral turpitude and justified disbarment. In re Maupin, 183 Okla. 628, 84 P. 2d 31.

January 12, 1940, petitioner filed his petition for reinstatement with the State Bar. At a hearing before the Executive Council the testimony presented in behalf of petitioner was, at the suggestion of the council, confined solely to the question of petitioner's general fitness to serve as a member of the bar.

The testimony offered at this hearing was given by members of the bar, citizens filling responsible positions, judges and former justices of this court. Although cumulative in effect, without exception this testimony so offered went to show that the witnesses had been acquainted with petitioner, both personally and in a business way, for many years; knew of his previous disbarment and the reason therefor; had observed him since his disbarment, both as to his business and private life; that his conduct during this period had been such as to show him to be a man of sufficient moral fibre to withstand the shock of being disbarred from his profession; that there could be no question but that petitioner, by his own conduct, had showed himself possessed of the moral integrity required in a member of the bar; that there could be no doubt but that he would be a credit to the profession if allowed to practice, nor would there be any question of injury to the standing of the profession by reason of petitioner being allowed to return to the practice.

Opposed to this testimony was the testimony given by a member of the Committee on Grievances and Disbarment of the Oklahoma County Bar Association. This individual testified that it was the feeling of his committee that the circumstances in this case did not justify reinstatement, although the witness was unable to testify that he knew of anything in petitioner's conduct which would indicate that he was such a person as would be unfit to be engaged in the practice of law. The Executive Council made its recommendation that the application be denied, and the matter is now before this court on the petition of the applicant.

An application for reinstatement to the bar is addressed to the sound discretion of the Supreme Court. State v. Ledbetter, 162 Okla. 20, 18 P. 2d 1085; In re Snodgrass, 166 Okla. 156, 26 P. 2d 756. The evidence upon which the application for reinstatement is based was given by citizens of the very highest standing. Careful consideration of the record justifies the conclusion the petitioner is a fit person, deserving of reinstatement to the bar.

For the reasons stated, the petitioner's application is granted and he is reinstated as a member of the bar.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and BAYLESS, J., absent. ARNOLD, J., not participating.