In re Application of J. T. DANIEL for
Readmission to the Bar.
No. 1650.

Supreme Court of Oklahoma.

Sept. 17, 1957.

Ivy, Ivy & Ivy, Waurika, for applicant.

WILLIAMS, Justice.

The matter herein presented involves the petition of J. T. Daniel for reinstatement as a member of the Bar of this state.

Applicant was admitted to the practice of law June 20, 1924, having taken the Bar examination. He remained a member of the Bar in good standing until January 28, 1944, at which time he was disbarred by order of this court in the case of State of Oklahoma ex rel. Oklahoma Bar Association v. J. T. Daniel, S.C.B.D. No. 702. Such disbarment resulted from applicant's having been convicted, on a plea of nolo contendere, of violation of U.S.C., Title 26, Sec. 145, income tax evasion, in the District Court of the United States for the Western District of Oklahoma. Following such conviction, applicant served approximately

eight months in the Federal Reformatory, at El Reno, Oklahoma, and was then paroled, and thereafter was granted a full and unconditional pardon by the President of the United States.

On February 9, 1957, applicant filed his petition for reinstatement with the State Bar Association. Such petition was thereafter referred to the Grievance Committee for District No. 20, for the purpose of investigation and recommendation. The chairman of such Grievance Committee conducted a personal investigation of the matter, as did an employee of the Oklahoma Bar Association, and reports of both investigations were submitted to such committee for its consideration. Such committee also conducted a hearing at which applicant appeared and was examined under oath. The members of such committee concluded that applicant's conduct since his disbarment has been such as to merit his readmission to the Oklahoma State Bar and they therefore unanimously recommended such readmission. When applicant's petition was considered by the Executive Council of the Oklahoma Bar Association, such Council by divided vote refused to recommend approval of the application. The entire matter has now been referred to this court in accordance with Article 6, Sec. 9, of the Rules Creating, Controlling and Regulating the Oklahoma Bar Association.

Attached to applicant's petition are numerous letters and statements from citizens of this state, including many members of the Bar, local officials, state officials, judges, and business and civic leaders of the community and county in which applicant resides and has resided for many years, all attesting that they have been acquainted with applicant for many years; knew of his previous disbarment and the reason therefor; had observed him since his disbarment, both as to his business and private life; that applicant's character and reputation is exceptionally good; that since his disbarment applicant has lead an exemplary life, taking an active part in civic and church affairs in the community in which he resides; that there could be no question but that applicant, by his own conduct, has shown himself possessed of the moral integrity required in a member of the Bar; that he would be a credit to the profession if allowed to practice and there would be no question of injury to the standing of the profession by reason of applicant's being allowed to return to the practice. In addition to the letters and statements submitted by applicant, it appears that an official of the Bar Association wrote to a number of the members of the Bar and others inquiring as to whether or not they knew of any reason why applicant should not be reinstated, and the replies received in response thereto have been included in the record. These replies were uniformly favorable to applicant's reinstatement, with the exception of two letters, one of which simply stated that the writer did not know the applicant and had no basis for an opinion in the matter, and the other of which simply stated that the writer had no recommendation to make in the matter.

The only record information adverse to applicant in this matter, other than a letter from one lawyer expressing his conclusion as being opposed to the petition, is contained in the report of investigation made by an employee of the Oklahoma Bar Association. Such report reveals that one member of the Bar of the county in which applicant resides stated that he was opposed to applicant's readmission. Such member frankly stated, however, that his feeling concerning applicant could be politically motivated in view of the fact that for a number of years he and applicant had been on opposite sides of political questions, and even personal political opponents. Such report also reveals that the investigator interviewed a few other persons, who did not wish to be identified and were not identified but who apparently were laymen, who expressed opposition to applicant's readmission to the Bar. These persons were invited to appear before the Grievance Committee at its hearing on the matter, but did not do so.

An application for reinstatement to the Bar is addressed to the sound discretion of the Supreme Court. Application

of Maupin, 190 Okl. 27, 120 P.2d 358; State ex rel. Dabney v. Ledbetter, 162 Okl. 20, 18 P.2d 1085; In re Snodgrass, 166 Okl. 156, 26 P.2d 756. This court has adopted no harsh rule with reference to reinstatement to the practice of law of disbarred attorneys. It will in every instance base its conclusions and judgment upon the particular facts and circumstances involved in the case, and will at all times, where the evidence is clear, cogent and convincing, render such judgment as to the court seems proper. In re Snodgrass, supra.

 It is a well recognized rule of law that the proper method and manner of establishing the character and trustworthiness of one seeking reinstatement to the Bar is by presentation of recommendations and statements of those who are in position to know and judge the petitioner. In re Snodgrass, supra. The evidence upon which the Application for Reinstatement is based was given by citizens of the very highest standing, who are in a position to know and judge the petitioner. Careful consideration of the record justifies the conclusion that the petitioner is a fit person, deserving of reinstatement to the Bar.

Applicant's petition is therefore granted, and he is reinstated as a member of the Bar.