STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Cal HAMILTON, Respondent.

S.C.B.D. No. 1759.

Supreme Court of Oklahoma.

Dec. 22, 1959.

John M. Freese, Tulsa, and Harry G. Foreman, Norman, for Oklahoma Bar Association.

C. L. Hamilton, Tulsa, pro se.

WILLIAMS, Vice Chief Justice.

This is a review of proceedings instituted by the Central Committee of the Oklahoma Bar Association in which Cal Hamilton, hereinafter referred to as "Respondent", a member of the Oklahoma Bar from Tulsa, was charged with gross negligence and unprofessional conduct as hereinafter set out.

At the conclusion of a hearing before the Grievance Committee 14–a of the Oklahoma Bar Association, said committee made the following findings of fact:

1. The Committee finds that some time in the spring of 1953, said Cal Hamilton, then being a member of the Bar of Oklahoma and being a duly licensed practicing attorney in the City of Tulsa, Oklahoma, was employed by one Naomi Dawson to file in her behalf a divorce action against her husband, Wayne A. Dawson, a nonresident of the State of Oklahoma.

2. That pursuant to such employment, said respondent did prepare a petition for divorce, and that the same was filed in the District Court of Tulsa County, Oklahoma, on October 16, 1953, as Cause No. D–56069.

3. That no summons was served either in person or by publication upon said defendant in said divorce action, and that no

waiver of summons or entry of appearance was filed by said defendant in said action at any time.

4. That prior to the filing of said action, the respondent prepared a divorce decree dated August 20, 1953, and presented a copy thereof to the Court Clerk of Tulsa County, Oklahoma, and procured the certification of the Court Clerk that said copy of said divorce decree was a true copy of the original decree on file in the Office of said Court Clerk, but that on said August 20, 1953, no hearing was had in said action, the same not having been filed at that time and no judgment having been entered therein on such date. The respondent delivered the purported certified copy above mentioned to his client, and represented to her that it was a true copy of the divorce decree in said divorce action.

5. That October 22, 1953, respondent presented to the Clerk of said Court a purported copy of a divorce decree, dated October 22, 1953, granting the plaintiff, Naomi Dawson, a divorce from her said husband, such purported decree bearing the signature of Eben L. Taylor, District Judge, written therein by respondent on such copy, and said respondent thereupon presented (sic) to said Court Clerk that said copy was the true copy of the original such decree on file in said office, and that said Court Clerk thereupon certified the same as being a true copy of such divorce decree without examining the files in said cause.

6. That a hearing on the petition of said plaintiff for a divorce was held before said Judge Eben L. Taylor about October 22, 1953, but that no Journal Entry of Judgment or Decree was signed by said judge or filed with the Court Clerk as a part of the files in said case.

7. That said respondent knew or should have known at the time of presenting said purported divorce decree dated October 22, 1953, that no such decree had been signed by said District Judge, and that no divorce decree was on record or on file in the Office of said Court Clerk.

8. That said respondent knew or should have known that the Court had no jurisdiction to enter a divorce decree in favor of the client of said Cal Hamilton for the reason that no service of summons had been had upon the defendant in said action, and no entry of appearance filed by him therein.

9. That no decree or journal entry of judgment in said cause was ever filed in the Office of said Court Clerk.

10. That on or about September 9, 1955, said Naomi Dawson, having remarried in September, 1954, thereby becoming Mrs. Thomas Clay Young, visited the respondent in his office together with her husband concerning the above matters, and at that time said respondent was advised that his said client, Naomi Dawson Young, had been advised by the Veterans Administration that she was not legally divorced from her former husband, and that respondent at that time agreed in writing that he had mishandled such divorce case, and that he would reimburse his said client and her husband for the difference between the educational allowance said husband would get as a single man and that to which he would be entitled as a married man in order to further his college education through assistance from the Veterans Administration. A letter to such effect was executed by the respondent and delivered to said Naomi Dawson Young and her said husband, and was introduced in evidence as Complainant's Exhibit 4. That following the execution of said letter, said respondent paid to his said client and her said husband several payments as specified in said letter.

11. The Committee finds that respondent admitted that he had been grossly negligent in handling said divorce case, in the manner above set forth.

12. That neither the files nor appearance docket, nor any other record in the Office of the Court Clerk of Tulsa County, Oklahoma, show the filing of an entry of appearance by said defendant in said divorce action, nor the filing of any decree or journal entry of judgment, and it is the

conviction of said committee that no such instruments were ever offered for filing by the respondent whose duty was to file said instruments in the Office of said Court Clerk.

Said committee concluded that this divorce proceeding was so handled by respondent, either willfully or with gross negligence, inattention and complete disregard of his obligations as a member of the Bar, and that respondent violated the trust placed in him by the judiciary and the Court Clerk and his employees. Said committee recommended that respondent be suspended from the practice of law for a period of one year.

The Executive Council concluded that the evidence in this case when viewed in the light of respondent's previously proven misconduct (Okl., 274 P.2d 383) demonstrates that respondent no longer possesses the degree of integrity and trustworthiness necessary in a member of the legal profession.

We find the evidence introduced at the hearing on the present complaint sustains the Grievance Committee's findings and that respondent misrepresented material facts to his client, the trial judge and the employees of the Court Clerk. In view of the nature of respondent's misconduct we believe that the recommendation of the Grievance Committee for one year's suspension should be disapproved as being insufficient disciplinary action. Possibly disbarment as recommended by the Oklahoma Bar Association would be too harsh.

It is therefore ordered that respondent be suspended from the practice of law as a member of the Oklahoma Bar Association for an indefinite period, he to have the right to present application for reinstatement not less than 3 years from the date this opinion becomes final and upon making a showing that his conduct has been in accordance with that required of a member of the legal profession and that he has not practiced law in the meantime.

DAVISON, C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs specially.

HALLEY and BLACKBIRD, JJ., concur for suspension only up to one year as recommended by grievance committee.

WELCH, Justice (concurring specially).

I concur in the majority opinion, but believe it would be better if we follow the recommendation of the Oklahoma Bar Association.

I am authorized to say that Mr. Justice JOHNSON concurs in this view.