STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

John Fletcher BOOTH, Jr., Respondent.

SCBD No. 1956.

Supreme Court of Oklahoma.

July 26, 1966.

**406**

Jack A. Swidensky, Oklahoma City, for complainant.

Charles E. Malson, Oklahoma City, for respondent.

PER CURIAM:

As the result of a felony conviction (June 14, 1963) respondent was suspended from the practice of law until time for appeal expired, or the judgment of conviction affirmed on appeal. On December 23, 1964, respondent's conviction was reversed. Booth v. State, Okl.Cr., 398 P.2d 863. Respondent thereafter made application seeking reinstatement, and on April 15, 1965, an order was entered reinstating respondent to the practice of law. This order recited the Court's judicial notice of the proceedings in Booth v. State, supra, wherein it was pointed out that Booth had left little doubt of his moral guilt. The Court's order left the way open for the Bar to seek imposition of further discipline found to be justified under Art. VII, Part Two, Section 4 of the Oklahoma Bar Association rules which provide, in pertinent part:

"CONVICTION IN CRIMINAL PROCEEDING:

The commission by a lawyer of any act contrary to honesty, justice or good morals, whether in the course of his relations as an attorney or otherwise, and whether or not the act is a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to discipline."

Thereafter the Executive Council of the Oklahoma Bar Association approved filing of a formal complaint against respondent, and appointed a prosecutor and Trial Examiner for this proceeding. This complaint was redrafted, and the matter thereafter submitted to the Trial Examiner, who heard no testimony but considered the cause under the Stipulation and Exhibits, previously agreed upon by counsel.

After thorough consideration the Trial Examiner tendered written Findings of Fact wherein it is pointed out that respondent's claim of having learned his lesson and his intention to abide by the rules of professional ethics in the future undoubtedly were true. However, respondent undoubtedly knew his course of conduct would subject him to disbarment if discovered. Neither did the domestic difficulties alluded to by respondent in mitigation of his conduct justify the acts which, though due to a legal technicality were not criminal, did involve moral turpitude. The Examiner recommended respondent's disbarment, with the expressed hope that his future conduct might be such as to justify favorable action to some future application for recommendation for reinstatement to the practice of law.

The Examiner's Findings and Recommendation were reviewed by the Executive Council, which determined the recommendation of the Examiner was reasonable and proper. Pursuant to the Executive

Council's direction, the Oklahoma Bar Association on May 24, 1966, filed the following formal recommendation:

"That the Respondent, John Fletcher Booth, Jr., having been found guilty of unprofessional conduct in violation of certain canons of ethics and his oath of attorney, be disbarred from the practice of law in the state of Oklahoma."

▉ The first qualification for licensure to the office of attorney at law is that such person be of good moral character, and particularly as respects the responsibilities and duties of an attorney. This requirement of good moral character is a continuing qualification, not only as a prerequisite for admission to the practice of law, but also necessary to entitle one to continue as a member of the Bar. This provided the basis for adoption of the rule that a cause for disbarment occurs when an attorney ceases to possess the good moral character prerequisite to admission to the practice of law. See In re Hicks, 163 Okl. 29, 20 P.2d 896.

Thus the rule consistently applied is that a course of misconduct which discloses an attorney's loss of those moral qualifications provides the grounds for disciplinary action by this Court. In such a case the basic question simply is whether there is evidence to show that the attorney involved is so lacking in moral sense as to fail to appreciate the relationship of an attorney to his profession and to the public. When such matters are disclosed it then becomes apparent such individual no longer is a safe and proper person to be entrusted with the duties and responsibilities of an attorney, and his continuance in the practice of law is inimical to the public interest.

The acts of omission and commission which have provoked this Court's disciplinary powers to enforce the rules of professional conduct are too numerous to permit discussion. In State ex rel. Okl. Bar Ass'n v. Hamilton, Okl., 348 P.2d 181, gross negligence in handling litigation, and disregard of obligations as an attorney, were held to disclose violation of the trust which the judiciary reposed in the respondent, and constituted unprofessional conduct justifying disciplinary action.

In State ex rel. Okl. Bar Ass'n v. Mason, Okl., 380 P.2d 961, an attorney's failure to deal fairly with his client, and to make a full disclosure of the facts to the court, constituted unprofessional conduct which brought discredit to the professional and justified discipline by this Court.

▉ In State ex rel. Okl. Bar Ass'n v. Trower, Okl., 381 P.2d 142, the attorney converted client's funds to his own use and benefit. By way of mitigation and extenuation it was shown respondent suffered great financial problems, addiction to alcohol and also labored under severe personal and family problems, all sufficient to test the character and integrity of the strongest man. In finding such attorney subject to severe discipline, we observed the licensure to practice law is not for benefit of the individual member of the profession, but rather for benefit of the public. Thus the primary consideration, in determining whether an individual attorney is to be disciplined, concerns the welfare of the public and the proper administration of justice. We there declared that membership in the Bar is a privilege burdened with conditions, among which is a fair private and professional character, which is essential both before and after admission. See In re Bond, 168 Okl. 161, 31 P.2d 929.

In the Trower case, supra, we quoted from State ex rel. Dabney Ledbetter, 127 Okl. 85, 260 P. 454, wherein we adopted the following from In re Mills, 1 Mich. 392, 395:

"Should this court after being officially advised that one of its officers has forfeited the good name he possessed when permitted to assume the duties of his office, still hold him out to the world as worthy of confidence, they would, in my opinion, fail in the performance of

a duty cast upon them by the law. It is a duty they owe to themselves, to the bar, and the public, to see that a power which may be wielded for good or for evil, is not intrusted to incompetent or dishonest hands. The extreme judgment of explusion is not intended as a punishment inflicted upon the individual, but as a measure necessary to the protection of the public, who have a right to demand of us that no person shall be permitted to aid in the administration of justice whose character is tainted with corruption."

We consider this language particularly apropos to the matter being reviewed. The matters advanced in Trower, supra, as grounds for mitigation and extenuation were substantially the same as offered here, although respondent additionally urges this Court to consider the punishment already imposed and the lesson learned therefrom.

The ultimate purpose in disciplining attorneys is not punishment, but purification of the Bar and protection of the courts and public generally. In re Green, 173 Okl. 460, 49 P.2d 197. Despite the matters urged in mitigation, the fact remains that respondent knew his course of conduct was unprofessional in extreme and if discovered would cause not only his own disbarment, but further result in public criticism of our profession. Such unprofessional conduct discloses the lack of that high moral conduct essential to any attorney after admission to the Bar, and cannot be passed over without firm disciplinary action. We are impressed, however, with the commendable manner in which Trial Examiner considered and determined this matter, and likewise with his disciplinary recommendation. This recommendation is adopted as the finding of this Court.

Respondent is disbarred and his name ordered stricken from the roll of attorneys, but without denial of the right to apply for reinstatement at some future time. State ex rel. Dabney v. Ledbetter, 162 Okl. 20, 18 P.2d 1085; In re Maupin, 190 Okl. 27, 120 P.2d 358.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY, LAVENDER, JJ., concur.