**In the Matter of Harlan E. GRIMES.**

United States Court of Appeals
Tenth Circuit.
July 28, 1966.

Harlan E. Grimes, pro se.

Before LEWIS, BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

This matter came on for hearing before this court upon an order to show cause why Harlan E. Grimes should not be disbarred as a member of the bar of this court, and that his name be stricken from the rolls of attorneys authorized to practice before it.

The order to show cause was issued pursuant to Rule 7, paragraph 3, of the Rules of this court, in effect at the time, and Mr. Grimes was thereby suspended from practice before this court until further order. Rule 7 provided in part that where it is shown that a member of the bar of this court has been disbarred from practice in any state or has been guilty of conduct unbecoming a member of the

bar of this court, he will forthwith be suspended before this court. This rule was set out in the order to show cause which was served upon Mr. Grimes.

Mr. Grimes filed an answer to the order to show cause. This answer contained a recitation of events which he asserts led up to his disbarment in the state of Oklahoma and other unrelated matters.

Following the filing of the answer, the court appointed a committee of three attorneys of Oklahoma City to hold hearings, to gather the evidence, and to make recommendations to the court. There was also appointed an attorney to investigate and to present the matter to the committee. Public hearings were held and the committee received exhibits offered by Mr. Grimes and others. The transcript of the Oklahoma state disbarment proceedings was likewise submitted to the committee and became a part of the record together with the other exhibits. After the hearing Mr. Grimes filed a document entitled "Answer to Undesignated Portions of Transcript of Record in State of Oklahoma, ex rel., Oklahoma Bar Association vs. Harlan E. Grimes," which accused several present members of the Oklahoma Supreme Court and other judges with having received bribes or conspiring to do so.

The committee thereafter filed a report with this court which described in detail the findings of the committee and its conclusions. This report was signed by two members of the committee. The third member of the committee filed a minority report. The majority report recommended that Mr. Grimes be disbarred, pointing out his Oklahoma disbarment and the accusations made against several judges during the committee proceedings. The minority report recommended that he be not disbarred for the acts which led to the state disbarment, but that he be temporarily suspended by reason of statements and accusations he made during the course of the investigation.

The record shows that Mr. Grimes is a resident of Texas having left Oklahoma and the active practice of the law many years ago. He is not admitted to practice in Texas. The committee also stated that during the course of their hearing Mr. Grimes indicated that he did not intend to return to the active practice of law, and he did not intend to apply for reinstatement as a member of the Oklahoma bar.

Thereafter Mr. Grimes filed an answer to the committee report with a motion to strike the report. He further filed an addendum to his answer to the report, a brief in support of a Motion to Declare Certain Judgments of the Supreme Court of Oklahoma Void, and other material.

This court thereafter held a hearing and heard oral argument by Mr. Grimes.

The record shows the Oklahoma Bar Association or its representatives commenced state disbarment proceedings against Mr. Grimes, asserting that he had published a pamphlet entitled "The Secret Bribe of $20,000," accusing members of the Supreme Court of the state of Oklahoma with having received a bribe for the rendering of an opinion. Other accusations were made by him against the court generally. The Oklahoma Bar Association held a hearing on the complaint, having given Mr. Grimes due notice thereof, but he declined to attend or offer evidence at the hearing to support his accusations or defend himself. Following the hearing, the Oklahoma Bar Association recommended that Mr. Grimes be disbarred, and the Oklahoma Supreme Court thereafter entered an order disbarring him.

Some time following the disbarment of Mr. Grimes by the state of Oklahoma, and during the course of a bankruptcy proceeding, an investigation was made which disclosed the fact that bribes had been paid to Justice N. S. Corn of the Supreme Court of Oklahoma. Justice Corn and Justice Earl Welch were indicted on charges of evading income taxes. Justice Welch was convicted of the charge, and an appeal of his conviction is pending in this court. Justice Corn entered a plea of *nolo contendere* and was

sentenced to prison on the charge. While in prison he made a detailed confession of his bribery. Justice N. B. Johnson of the Oklahoma Supreme Court was impeached by the Oklahoma Legislature. These three Justices were on the Supreme Court of the state of Oklahoma and all or some of them participated in the order disbarring Mr. Grimes.

Following the admission by former Justice N. S. Corn of his acceptance of bribes, and the implication of two other members of the court, an intensive investigation of all members of the Oklahoma Supreme Court was made. This was done by a citizens committee appointed by the Governor of Oklahoma, by a legislative investigating committee, and by the Oklahoma Bar Association. These investigations made findings that Justices Halley, Davison and Blackbird (and others not here concerned) were innocent of any wrongdoing and were not implicated in the activities of the convicted or impeached members of the court.

In our opinion Mr. Grimes has failed to show cause why he should not be disbarred from further practice before this court. See Annot. 70 A.L.R.2d 268. In the written material Mr. Grimes has filed from the outset of this proceeding he repeatedly and unequivocally charges Justices Halley, Blackbird and Davison of the Oklahoma Supreme Court with wrongdoing and with having received bribes but he makes no attempt to substantiate these charges in any way and has not demonstrated in any manner that he had any grounds or probable cause whatever for making such assertions. He has not shown any reasonable cause to charge corruption against such members of the Oklahoma Supreme Court. The same is true as to his similar charges against other judges in Oklahoma. As indicated above, these assertions and accusations have been made repeatedly during the course of this proceeding, and following the disclosure of the results of the several investigations made by the Oklahoma investigative groups. Mr. Grimes presented no evidence or facts to support his accusations. These accusations are thus sufficient in themselves to demonstrate that Mr. Grimes should not be a member of the bar of this court. During these proceedings he has failed to show cause why he should not be disbarred, and has in fact shown cause why he should be disbarred.

As described above, the conduct of Mr. Grimes during the course of this hearing is sufficient to warrant his disbarment as an attorney of this court. It is not therefore necessary to discuss the effect of the disbarment by the Oklahoma Supreme Court since we do not reach that question.

We have considered the fact that the events upon which this action is based took place for the most part after the order to show cause was issued. However it is clear that these matters and issues were brought into the proceedings solely by Mr. Grimes, and described by him in detail in the written material he has filed. The exhibits he introduced indicate no intention to withdraw the statements. He had the opportunity to come forward with facts relating to these issues he interjected, but he did not do so. He submitted no facts and no evidence whatever to support his charges.

Mr. Grimes also during the course of this proceeding has filed an instrument which is in part a motion to declare void certain judgments of the Oklahoma Supreme Court in which Mr. Grimes appeared as an attorney. This matter has not been given consideration by this court as it is beyond its jurisdiction.

It is ordered that Harlan E. Grimes be disbarred as a member of the bar of this court, and that his name be hereby stricken from the rolls of the attorneys who are authorized to practice in this court.

The committee appointed by the court to gather the evidence and to report, and the attorney appointed to investigate have performed an outstanding service to the profession. The court appreciates their willingness to give their time to such a difficult and unhappy task.

MURRAH, Chief Judge, and HICKEY, Circuit Judge, not participating.