**In re Application of Harlan E. GRIMES For Reinstatement to the Practice of Law.**

S. C. B. D. 1794.

Supreme Court of Oklahoma.

Dec. 3, 1971.

Paul M. Vassar, Gen. Counsel, Oklahoma Bar Assn., Oklahoma City, for the Oklahoma Bar Assn.

Gene C. Howard, George Hargrave, Jr., Richard K. McGee, Lloyd G. Larkin, Tulsa, for Harlan E. Grimes.

KUNTZ, Special Justice.

In a proceeding initiated on May 14, 1959, applicant was disbarred by order of the Oklahoma Supreme Court entered May 8, 1960, hereinafter referred to as "the order of 1960". The proceedings are fully reported in State ex rel. Oklahoma Bar Ass'n v. Grimes, Okl., 354 P.2d 1080 (1960). Following a public disclosure that one former member of the court had accepted bribes in certain cases, one member of the court was impeached and another resigned. Applicant then filed a motion to recall and to set aside the order of 1960. The seven remaining justices who had participated in the case voluntarily certified their disqualification in this case. This motion was then heard and the proceeding held by a court consisting of two justices who had been appointed after the order was entered and seven special justices. The court as so constituted granted applicant the right to take depositions and to present evidence in support of the motion. The court examined the record, reviewed new evidence that was submitted, and denied the motion but modified the order by withdrawing the ad infinitum disbarment, saying "upon the Respondent making an application for reinstatement, the Executive Council is hereby directed to conduct an investigation and submit to this Court its findings and recommendation as they deem appropriate and necessary". State ex rel. Oklahoma Bar Ass'n v. Grimes, Okl., 436 P.2d 40, 48 (1967). Such action by the court is hereinafter referred to as "the order of 1967".

On March 19, 1968, applicant filed an application for reinstatement in the Oklahoma Bar Association. On June 13, 1968 the Board of Governors of the Oklahoma Bar Association conducted a public hearing on the application. Applicant was present in person and was represented by Counsel. No complaint is made herein regarding the regularity and ·validity of those proceedings.

The Board of Governors voted on questions presented and made findings and recommendations as follows:

| "Questions | Votes | |
|---|---|---|
| (a) Has applicant engaged in any unauthorized practice of law during the period of disbarment? | YES–11 | NO–0 |
| (b) Does applicant possess the moral qualifications, competency and learning in the law required for admission to practice law in the State of Oklahoma? | YES– 6 | NO–5 |
| (c) Will applicant's resumption of the practice of law within the state be detrimental to the integrity and standing of the bar, or the administration of justice or to the public interest? | YES– 9 | NO–2 |
| (d) Should applicant be reinstated" | YES– 2 | NO–9 |

FINDINGS AND RECOMMENDATION
THEREFORE, the Board of Governors of the Oklahoma Bar Association finds that the applicant, Harlan E. Grimes, (a) has engaged in unauthorized practice of law during the period of his disbarment, and that he (b) possesses the moral qualifications, competency and learning in the law required for admission to practice law in the State of Oklahoma, and (c) that his resumption of the practice of law in Oklahoma would be detrimental to the integrity and standing of the bar, the administration of justice and the public interest; and the Board respectfully recommends that the court enter its order denying the application of Harlan E. Grimes for reinstatement to the practice of law in Oklahoma."

In support of his application for reinstatement, applicant contends that the Supreme Court has the power to grant relief in any case previously decided by it where corruption can be shown to have influenced the decision and that judicial action taken by a constitutionally disqualified judge is a nullity. Respondent contends that such arguments are not relevant to the issue of reinstatement and that the issue of the validity of the disbarment is res judicata. By reply brief, applicant contends that the arguments which he raised are relevant to the issue of disbarment and alternatively to the issue of reinstatement, and he redesignated his application an "Application for order setting aside order of disbarment and alternatively in support of applicant's request for reinstatement".

▪ Assuming that the application is for an order setting aside disbarment as well as ari application for reinstatement, applicant's contentions would merit consideration if the order of 1960 were the only order entered in the disbarment proceeding. It was not, however, the only order entered. Applicant made a direct attack upon that order by his previous motion to recall and to set aside the order of 1960. That motion was denied by the order of 1967 and applicant does not challenge the validity of that order denying his motion. Nor is there the slightest shadow of suspicion cast upon the integrity of the court that ruled on his motion and entered the order. Neither new evidence nor new issues have been presented. Accordingly, the issue of disbarment is settled by the order of 1967.

▪ The question of the validity of the disbarment having been settled by the order of 1967, that issue will not be reconsidered on an application for reinstatement. See Vaughan v. State Bar of California, 208 Cal. 740, 284 P. 909 (1930). An application for reinstatement is addressed to the discretion of the court, Re Application of Daniel, Okl., 315 P.2d 789 (1957) and the court should determine the matter on the basis of the applicant's conduct after the disbarment proceeding. State ex rel. Dabney v. Ledbetter, 162 Okl. 20, 18 P.2d 1085

(1933); Maggart v. State Bar of California, 29 Cal.2d 439, 175 P.2d 505 (1946).

■ Applicant does not deny that since the order of 1960 disbarring him he has engaged in the practice of law as found by the Board of Governors. He contends that such practice was not unauthorized because the order of disbarment was void. Since this court has previously reviewed the order of 1960 and refused to set it aside insofar as disbarment is concerned, it follows that applicant's practice of law was unauthorized. Such conduct, standing alone, would be grounds for denying reinstatement, because continuing to practice law after disbarment is sufficient grounds for denying reinstatement. Houts v. State ex rel. Oklahoma Bar Ass'n, Okl., 486 P.2d 722 (1970). Aside from that matter, however, there is another reason for denying the application for reinstatement.

The testimony of applicant and other evidence considered by the Board of Governors reveal that, while disbarred, he persisted in the same course of conduct that led to his disbarment. He continued to make unsubstantiated charges of corruption against members of the judiciary. Such conduct was of sufficient gravity to result in disbarment by another court. In 1966, the Court of Appeals for the Tenth Circuit disbarred applicant from practice in that court, not because of the disbarment by this court, but because of applicant's conduct subsequent to his disbarment. In Re Grimes, 10th Cir., 364 F.2d 654 (1966), cert. den. 385 U.S. 1035, 87 S.Ct. 775, 17 L.Ed.2d 682.

■ The Board of Governors heard en banc applicant's testimony and observed his demeanor. It also considered other evidence introduced at the hearing. Although the findings and recommendations of the Board are advisory only and are not binding on this court, they are entitled to weight and deference. In making its investigation and report, the Board was performing an unpleasant duty at the direction of this court. Its findings and recommendations must be given careful analysis and consideration and should be approved unless found to be erroneous. In this case, we approve the recommendation of the Board that the application for reinstatement to the practice of law in Oklahoma be denied.

The application for reinstatement is denied.

WALLACE, Special Chief Justice, and MERRIOTT, THOMPSON, McCOMAS, PETERS and WHEATLEY, Special Justices, concur.

MANIPELLA, Special Justice, dissents.

MANIPELLA, Special Justice (dissenting).

With all respect to the majority of my fellow special justices for a written opinion based on hard work and conscientious attention to all matters before us for consideration, I must dissent with the opinion voiced by the majority while concurring with a part thereof.

I would agree and concur with the majority opinion in the finding that the opinion of the Board of Governors should be affirmed. The Board of Governors was performing a fact finding function primarily in deciding whether the applicant Grimes had rehabilitated himself sufficiently to be approved for reinstatement. This was the extent of the directions of the court as stated in the opinion of the majority as follows:

"Upon the respondent making an application for reinstatement, the Executive Counsel is hereby directed to conduct an investigation and submit to this court its findings and recommendation as they deem appropriate and necessary."

The opinion of the majority of the Board of Governors was proper and in keeping with the evidence presented and the limitations of their function as set forth by the decision of the court. In this I concur.

Uppermost in my consideration, however, is the major premise before this court that all previous decisions and orders of the

court are properly subject to review or modification at any time.

The court in its decision rendered on September 13, 1967, discussed and reviewed all of the matters before it and no good purpose would be served in further repetition thereof.

The court specifically found that there was a combination of unfounded, irresponsible charges of bribery and also specific substantiated charges of bribery subsequently proven to be true.

This rather unique situation must have certainly piqued the conscience of the court as evidenced by the references to the majority opinion wherein it was stated that six and one-half years of disbarment was sufficient disciplinary punishment. This same thought was also reflected in the dissenting opinion by Justice Hodges, but his dissent was based on the fact that the extent of punishment was not open for consideration at that time and should only be considered when properly presented.

In this present convening of this court, we have been given the opportunity of examining the case again in toto. Based on the arguments of counsel and the briefs of the applicant and respondent which covered all aspects of this case I can only conclude that the applicant is entitled to further relief and modification of the order of disbarment previously entered herein. In addition, it might be noted that wherein the previous court was concerned with a term of six and one-half years of disbarment, we have the further passage of time to consider and it may be noted that the applicant has now been disbarred for over 11 years.

I can only conclude that if the theory of equitable consideration is to be given adequate consideration in the fullest sense, the order of disbarment should be further modified by terminating same at this time.

The applicant and his behavior was the end product of an era of judicial climate in Oklahoma which certainly needed to be publicized and destroyed. The fact that the court on the judiciary had not been created was no fault of the applicant. He had apparently sought many different forums to act on his accusations, all to no avail.

I would therefore hold that the applicant has been sufficiently punished for his rash and irresponsible statements which were not subsequently proven.

However, compatible with the doctrine of equitable consideration I would also hold that because of the truthful assertions of bribery made by the applicant as borne out by the subsequent events of impeachment and resignation of the justices concerned therein, the order of disbarment should be further modified by terminating the disbarment forthwith.

The applicant should be reinstated.